## AVERY v. NEW YORK CENT. & H. R. R. Co.

### (Superior Court of Buffalo, General Term.   July 12, 1889.)

**1. PLEADING—ANSWER—SPECIFIC DENIALS.**
It is bad pleading to deny portions of the complaint merely by reference to the first and last words of such portions, and to the folios where they are to be found.

**2. SAME—REPLY—WHEN NECESSARY.**
In an action for damages for an injury alleged to have been continuous for a stated period, pleas of former recovery and another action pending, stating the specific periods to which they apply, and which do not cover the entire period embraced in plaintiff's cause of action as alleged, do not require a reply.

**3. SAME—REPLY TO TECHNICAL COUNTER-CLAIM.**
Where matter is pleaded, not as a counter-claim, but by way of confession and avoidance, plaintiff may, under Code Civil Proc. N. Y. § 522, give evidence in avoidance thereof, without further pleading, and hence no reply is required, though such new matter is technically a counter-claim.

**4. SAME—REPLY TO PLEA OF STATUTE OF LIMITATIONS.**
Where the facts alleged in the complaint show that the statutory period has elapsed since the cause of action accrued as to a portion of the damages sued for, but facts are alleged showing an avoidance of the statute, an answer pleading the statute does not furnish ground for ordering a reply.

**5. SAME—UNAUTHORIZED REPLY—DEMURRER.**
Where no reply is required as matter of law, it is, under Code Civil Proc. N. Y. § 516, authorized only by order of court; and where, in such case, a reply has been served without an order of court, its sufficiency will not be inquired into on demurrer.

On demurrer to reply.
Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.
*White & Simons*, for plaintiff.   *James F. Gluck*, for defendant.

HATCH, J.   The complaint states two causes of action in different counts. The first asks to recover damages for the failure upon the part of defendant to maintain an opening, as by law it is required to do, in a fence separating defendant's premises from premises occupied by plaintiff.   The cause of action is alleged to have arisen upon the 1st day of August, 1881, and been continuous to the commencement of the action, August 18, 1888.   The second count seeks to recover damages for the creation and maintenance of a nuisance in and about the operations of defendant's cars and engines adjoining the premises occupied by plaintiff.   This cause of action is alleged to have arisen about May 1, 1884, and been continuous to May 1, 1888.   The defendant, for answer to the complaint, seems first to admit the incorporation of defendant.   By a

second count it seems also to admit certain similar allegations contained in the second count. For a third answer it seems to deny certain allegations, stated as follows: "Beginning with the words, 'and the said plaintiff,' in folio 5, and ending with the words, 'said hotel and restaurant,' in folio 9; and as to the further allegations, beginning with the words, 'and the said plaintiff further alleges,' in folio 19, and ending with the words, 'hotel and restaurant,' in folio 20." This pleading is not such a pleading as the Code contemplates. When served it imposed upon counsel for plaintiff the necessity of comparing the two pleadings to enable him to determine what it put in issue. When the original pleadings are offered for inspection, it is possible to determine what is intended to be admitted and what denied, but when the papers are printed the original folios are omitted, and the court to whom they are presented is left to guess and conjecture to what the references refer. If the question presented by this demurrer involved the allegations in question, we should decline to examine them, as presenting nothing intelligible. The Code, § 500, requires: "A denial of each material allegation of the complaint controverted by the defendant." The allegations thus controverted should appear upon the face of the answer. *Baylis* v. *Stimson*, 110 N. Y. 621, 17 N. E. Rep.144. Defendant's fourth answer denies all the other allegations of the complaint. The fifth alleges that the second cause of action did not accrue within 20 years next before the commencement of the action; the sixth, that neither cause of action alleged accrued within six years next before the commencement of the action. The seventh alleges the recovery of a judgment which defined the rights and duties of the parties with respect to the fence, and the opening to be maintained therein. The eighth and ninth pleads the recovery of judgments for the same cause of action alleged in the first count of the complaint, and specifies the periods of time for which damages were recovered in said judgments, respectively, viz.: The first for damages accruing from September 10, 1881, to January 28, 1884; the second, from January 28, 1884, to March 30, 1886. For a tenth answer it is alleged that a like action as set forth in the counts last above is now pending undetermined, to recover damages accruing from August 1, 1881, to November 2, 1887. For an eleventh answer it is alleged that the judgments referred to in the seventh, eighth, and ninth counts are conclusive as to the matters actually determined in which judgments were rendered, and as to all matters alleged in the second cause of action during the period of time from May 1, 1874, to March 30, 1886.

The record discloses that in January, 1889, a notice of motion was served by defendant to obtain an order requiring plaintiff to reply to that portion of the answer embraced within the fifth to the eleventh counts, inclusive. It does not appear that any order was ever obtained, but it is conceded by counsel that plaintiff thereafter voluntarily served a reply, to which defendant now demurs. In disposing of this demurrer we have deemed it best, in view of the manner in which it has arisen, to determine whether any reply should have been ordered. It is seen by the allegation of the complaint that the time within which the first cause of action alleged arose is specified in terms, as well as the period for which damages are sought to be recovered, and the same is true of the second cause of action. It thus appears that as to that portion of the answer which pleads the statute of limitations all of the facts upon which plaintiff relies to avoid the force of the statute appear by affirmative allegations. It does appear that more than six years have elapsed since a portion of the damages sought to be recovered arose, and that may furnish good ground at the trial upon which to base an objection limiting the recovery, but it does not furnish ground for ordering a reply, when the facts alleged in the complaint show an avoidance of the statute. So far as the answer alleges the recovery of judgments for the same cause of action and the pendency of an action for the same cause, it is to be noticed that the specific periods for which damages are sought to be recovered are stated in the answer,

and from them we can see at once that, full force being given to them as a plea in bar, they do not entirely meet the allegations of the complaint; for it seeks to recover damages to August 18, 1888, while the pleas in bar do not operate as such beyond the 2d day of November, 1887,—thus leaving a period of over nine months when no defense is interposed beyond a denial. The judgments recovered and the actions pending are as clearly within the knowledge of the defendant as the plaintiff, as is also the extent of their operations as a bar. This is not like the case of *Hubbell* v. *Fowler,* 1 Abb. Pr. (N. S.) 1. That was an action upon a promissory note, and the moving papers disclosed that more than six years had elapsed since the maturity of the note before the summons was served. The court was able to specify 12 different pleas by which the statute might be avoided, and it very properly held that defendant was entitled to know what the specific ground was upon which plaintiff relied to defeat the operation of the statute. No reply is needed to the eleventh count, as it pleads a claimed conclusion of law as the effect of the previous allegations. It is quite clear that no reply was required to this answer, as its allegations do not constitute a counter-claim. Code Civil Proc. §§ 501–514; *Cragin* v. *Lovell,* 88 N. Y. 258–263. The matter is not pleaded as a counter-claim, but by way of defense and avoidance; it really constitutes a plea in bar. No reply is therefore needed, even though the matter alleged technically constituted a counter-claim. *Acer* v. *Hotchkiss,* 97 N. Y. 395–408; *Assurance Soc.* v. *Cuyler,* 75 N. Y. 511. The plaintiff upon the trial can give evidence by way of avoidance of the new matter alleged in the answer without the aid of further pleading, for by the express provision of the Code such new matter is deemed controverted either by traverse or avoidance, as the case requires. Code, § 522; *Arthur* v. *Insurance Co.,* 78 N. Y. 462; *Keeler* v. *Keeler,* 102 N. Y. 36, 6 N. E. Rep. 678. This being a case where no reply is required as a matter of law, such pleading is only authorized by an order of the court. Code Civil Proc. § 516. No such order was obtained, and both counsel now claim it to have been voluntarily served. Not being authorized or sanctioned by an order of the court, it becomes an irrelevant pleading, and may be stricken out on motion. *Sterling* v. *Insurance Co.,* 6 N. Y. St. Rep. 96. But the court will not entertain it for the purpose of determining its sufficiency to resist a demurrer. The demurrer is therefore set aside as unauthorized, without costs to either party. All concur.