(40 Misc. Rep. 133.)

In re BELMONT et al.

(Supreme Court, Special Term, New York County. February, 1903.)

1. CERTIORARI—AFFIDAVIT—VERIFICATION.
    Under Code Civ. Proc. § 2127, providing that application for writ of certiorari must be made by or in behalf of the person aggrieved, an affidavit on a petition for a writ may be verified by the authorized attorney of the person.

2. SAME—PARTIES.
    Under Code Civ. Proc. § 2129, providing that a writ of certiorari must be directed to the body whose determination is to be reviewed, a writ to review proceedings of the tax board, created by Laws 1893, p. 1156, c. 537, is sufficient, though the city, although beneficially interested, is not a party.

3. SAME.
    Under Code Civ. Proc. § 2137, on certiorari to review proceedings of a tax board of a city, it, being specially interested, may, in the discretion of the court, be admitted as a party defendant.

Application by August Belmont and Walter Luttgen for writ of certiorari to William D. Leonard and others, commissioners appointed under Laws 1893, p. 1156, c. 537. There were 19 other cases. Motion to quash denied.

Joseph F. McLoughlin, for petitioner.
Geo. L. Rives, Corp. Counsel, for respondents.

LEVENTRITT, J. ' This is an application to quash writs of certiorari in 20 cases. Two technical defects are urged: First, that the affidavits on the basis of which the writs were allowed are made by the attorney, instead of by the respective relators; secondly, that the city of New York is not made a party defendant. Neither objection has force. Under section 2127 of the Code, "an application for the writ must be made by, or in behalf of, a person aggrieved by the determination to be reviewed," and "must be founded upon affidavit, or a verified petition, which may be accompanied by other written proof, and must show a proper case for the issuing of the writ." The "by or in behalf" are sufficiently broad to permit verification by a duly authorized attorney. The defendants seek to qualify this language by reference to section 1994, requiring that a state writ must be issued "in behalf of the people of the state." But this has reference to all proceedings, whether they begin "People of the State of New York against" named defendants, or "People of the State of New York, on the relation of John Doe, against" named defendants. Inasmuch as all state writs must be issued in behalf of the people, there is no reason for incorporating the words "in behalf" in section 2127, unless it was intended to give a broader right.

The cases cited by the defendants arose either under chapter 269, p. 402, of the Laws of 1880, or under section 250 of the present tax law (Laws 1896, p. 882, c. 908). Section 1 of the former act allowed the writ "on the petition, duly verified, of any person or corporation assessed and claiming to be aggrieved," while the latter section says, "Any person * * * claiming to be aggrieved * * * may present to the Supreme Court a petition duly verified." In both cases the remedy can, by the language of the statutes, only be invoked by the petition of the person aggrieved. There is no alternative provision, as in the present Code section, permitting the application by affidavit, or in behalf of the person aggrieved.

When an attorney subscribes to the affidavit, as he has in this case, and verifies it, it is not to be assumed that he did so without authority. If lack of authority is claimed, it must be established by proof before the proceeding can be held to be irregular. People ex rel. Adams v. Coleman, 41 Hun, 307.

As to the second objection, I am of the opinion that the city is not a necessary party. The Code requires that the writ must be directed to the body or officer whose determination is to be reviewed, and where it is brought to review, as in this case, the determination of a board or body other than a court having no official name, it must be directed to the members thereof by their names. Code, § 2129. This has been done. The record has been removed into this court for review in the manner provided by statute. The city, however, being specially and beneficially interested in upholding the application to be reviewed, may, in the discretion of the court, be admitted as a party defendant pursuant to the terms of section 2137 of the Code. But this permissive joinder after the allowance of the writ does not

make it a necessary party. See People ex rel. Steward v. Railroad Commissioners, 160 N. Y. 202, 54 N. E. 697.

The objections are without merit, and the motions to quash are denied, with $10 costs in the case of People ex rel. Belmont. Motions denied, with $10 costs.