PEOPLE ex rel. B. AYMAR SANDS, Appellant, *v.* THOMAS L. FEITNER et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

REVIEW OF ASSESSMENT — UNANIMOUS AFFIRMANCE — FINDING OF FACT. The restriction imposed by the Constitution upon the review of a unanimous decision of the Appellate Division that there is evidence supporting a finding of fact applies to an order of affirmance in a statutory proceeding to review an assessment in which a trial *de novo* has been had at Special Term, upon new evidence, as to the value of the relator's property, resulting in an affirmance of the assessment and a dismissal of the writ of certiorari, and the effect of such an order is a determination that

the finding of fact as expressed or necessarily implied in the decision of the Special Term is supported by evidence, and, therefore, is not the subject of review in the Court of Appeals.

*People ex rel. Sands* v. *Feitner,* 76 App. Div. 620, affirmed.

(Argued February 10, 1903; decided February 24, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 28, 1902, which affirmed an order of Special Term dismissing a writ of certiorari to review the proceedings of the defendants in assessing personal property of the relator.

*John M. Bowers* and *L. G. Reed* for appellant.

*George L. Rives, Corporation Counsel (George S. Coleman* and *David Rumsey* of counsel), for respondents.

PARKER, Ch. J. This record does not present a single question now open to review in this court.

The controversy grows out of an assessment against relator of $50,000 for personal property. He complained of it to the taxing authorities, and asked them to eliminate the assessment from the roll, which they refused to do. Thereupon he instituted the proceeding authorized by statute to review the assessment, alleging in the petition that his entire taxable property was $194,556, while his lawful indebtedness was $258,499. The indebtedness was entirely owing to a firm of stockbrokers, who had purchased stocks for him of about that value. The claim of the tax commissioners was that the relator's so-called indebtedness to his broker was not an actual and unconditional indebtedness, but that the transaction was purely speculative, and that, for all that appears, the assets in the hands of the broker were quite equal in value to the amount of the indebtedness incurred in the purchase.

This statement sufficiently suggests the nature of the controversy, which was on the one hand that the relator had personal assets over and above the indebtedness and equal to the amount of the assessment, and on the other hand that he had not.

This question was passed upon by the Special Term

adversely to the relator's contention and the writ of certiorari was, accordingly, dismissed. An appeal was then taken to the Appellate Division, where that question was again considered and the same conclusion reached as at the Special Term, whereupon the court unanimously affirmed the order of the Special Term.

The question of fact thus passed upon by the courts is not reviewable in this court, nor is the question whether it ought to be reviewable open for discussion at this time. It was carefully considered and decided in *People ex rel. Manhattan R. Co.* v. *Barker* (152 N. Y. 417), one judge dissenting in an opinion which assumes that the question of fact which the Appellate Division had unanimously affirmed — if one had been — was determined by the assessors. The majority opinion, however, makes it clear that while the proceeding is known as that of certiorari, still it has new and unprecedented powers authorizing the determination of the questions of fact upon further evidence taken in a court of first review. The court says : " The special statutory writ now before us differs from its predecessors in one remarkable respect, in that it permits a redetermination of all questions of fact upon evidence, taken in part at least, by the Special Term, or under its direction. \* \* \* What is called a review may thus become a proceeding in the nature of a new trial. The return is not conclusive, as in common-law and Code writs. (*People ex rel. Miller* v. *Wurster*, 149 N. Y. 549; Harris on Certiorari, § 126.) The provisions of the Code do not apply to it. (*People ex rel. Church of H. C.* v. *Assessors*, 106 N. Y. 671.) The petition is regarded as the complaint, the return as the answer, and, in deciding the issues joined thereby, the court may call witnesses to its aid and their testimony becomes a part of the proceeding upon which the determination of the court is to be made. That determination is a revaluation and it may be a different valuation of the property assessed. Such was the method of procedure in this case. A new trial was had, somewhat like the new trial in County Court upon appeal for that purpose from Justice's Court. New evidence was taken, which, by command of the statute, the court was bound to consider in making its determination.

In other words, it was the duty of the court to retry the questions of fact and decide them over again, and whether its findings were written out or left to necessary implication, there is no escaping the conclusion that the facts are conclusively presumed to have been decided *de novo*. (*Amherst College* v. *Ritch*, 151 N. Y. 282.) Thus, the writ under consideration may be a writ of review merely, and hence properly called a writ of certiorari, and it may be in the nature of a *venire de novo* and utterly foreign in function to the writ of certiorari as known in the history of the law."

Upon reasoning such as I have quoted, but further elaborated, the court held that the restriction imposed by the Constitution upon the review of a unanimous decision of the Appellate Division that there is evidence supporting a finding of fact applies to an order of affirmance in a statutory proceeding to review an assessment in which a trial *de novo* has been had at Special Term upon new evidence as to the value of the relator's property, resulting in an affirmance of the assessment and a dismissal of the writ of certiorari, and necessarily, therefore, that the effect of an order of affirmance unanimously made by an Appellate Division is a determination that the finding of fact as expressed or necessarily implied in the decision of the Special Term is supported by evidence, and, therefore, not the subject of review in this court.

It will be seen that that case entirely covers the questions of practice which have been suggested in this one, and it has been so frequently followed that the question would not now be open for reconsideration were we of the opinion that a different rule was possible at the time of the decision quoted (*supra*), and we are not.

The order should be affirmed, with costs.

GRAY, O'BRIEN, HAIGHT, MARTIN, VANN and WERNER, JJ., concur.

Order affirmed.