REICH v. COCHRAN et al.

(Supreme Court, Appellate Division, First Department.   January 21, 1916.)

TRIAL ☞3—SEPARATE TRIAL OF ISSUES—STATUTE.
    Under Code Civ. Proc. § 973, providing that the court, in its discretion, may order one or more issues separately tried prior to the trial of the other issues in the case, on the trial of plaintiff's claim that transactions between plaintiff and defendants' testator created the relation of mortgagor and mortgagee, and defendants claimed that the transactions created the relation of lessor and lessee, defendants were entitled to an order for a separate trial on their pleas of res judicata and limitation before a trial of the other issues.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ☞3.]

Appeal from Special Term, New York County.

Action by Lorenz Reich against Alexander S. Cochran and another, individually and as executors, etc., and others.   From an order denying their motion that the issues raised by the separate defenses and reply thereto be separately tried before the trial of the other issues, defendants appeal.   Reversed, and motion granted in part.

See, also, 162 App. Div. 619, 147 N. Y. Supp. 1090.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Samuel Untermyer, of New York City, for appellants.
Alton B. Parker, of Esopus, for respondent.

SCOTT, J.   This is one of a series of actions, extending over a period of about 25 years, brought by plaintiff against these defendants, and against their decedent in his lifetime.   They all grew out of the same transactions in the year 1888 between plaintiff and William F. Cochran, now deceased, of whose estate the defendants are executors and trustees.   The plaintiff's claim is that the effect of four documents executed in 1888 was to create the relation of mortgagor and mortgagee between plaintiff and the said Cochran.   The defendants, on the other hand, claim that the documents referred to created the relation of lessee and lessor, and nothing else.

By their separate defenses the defendants allege that the exact relationship between plaintiff and Cochran was necessarily involved in and passed upon in several actions between this plaintiff and Cochran, or these defendants, as his executors, and that in each case judgment went against the plaintiff.   Hence they claim that the question which lies at the very basis of plaintiff's present claim is res adjudicata.   It is also claimed in a separate defense that any remedy that plaintiff might otherwise be entitled to is now barred by the 20-year statute of limitations.   The motion is made under section 973 of the Code of Civil Procedure, which reads as follows:

    "Sec. 973. The court in its discretion may order one or more issues to be separately tried prior to the trial of the other issues in the case."

The conditions under which this section will be applied were considered and stated by this court as follows:

"The direction of the statute is that the order shall rest in the discretion of the court, which should be judicially, and perhaps sparingly, exercised. If the court's discretion be so exercised, the section should prove to be of distinct benefit by saving the time of the court and its litigants and by reducing the expenses of litigation. In general, the application of the statute will doubtless be found to be most useful and beneficial, if confined to the trial of pleas in bar, such as the statute of limitations, pleas to the jurisdiction, and in some cases to pleas of a former adjudication. In short, the section can be most usefully applied to the case of an issue, which, if determined in one way, will end the litigation and render a trial upon the merits unnecessary. It should also appear that the plea to be tried is one which has a reasonable basis to rest upon, and is not interposed merely for delay, and it should be one which can be tried and disposed of without involving the trial of the merits." Smith v. Western Pacific Ry. Co., 144 App. Div. 180, 128 N. Y. Supp. 966, affirmed 203 N. Y. 499, 96 N. E. 1106, 40 L. R. A. (N. S.) 137, Ann. Cas. 1913B, 264.

We are of opinion that the present case is an appropriate one for the application of the section above quoted within the rules laid down. The trial of the issues now sought to be separately tried should not be a long one, as the questions involved will necessarily depend mainly upon the records of the previous trials, with but little, if any, oral testimony, whereas it is quite manifest that the trial of the main issue, if gone into, will be prolonged and expensive. Nor can we at all see, as respondent earnestly argues, that the trial of the separate issues tendered in bar will necessarily or properly involve a trial of the main issue tendered by the complaint.

Our conclusion is that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, to the extent of ordering a separate trial, before the trial of the other issues herein, of the issues raised by the second, third, fourth, fifth, sixth, seventh, eighth, and ninth separate and distinct defenses, and the reply thereto. All concur.