THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, *v.* JAMES E. BISSELL and Others, as Assessors of the Town of Bergen, Respondents. (Taxes for 1916.)

Fourth Department, December 5, 1923.

**Taxation — certiorari to review assessment under Tax Law, article 13 — pleadings are regulated by Tax Law, §§ 291 and 292 — petitioner cannot be compelled to reply to supplemental return setting up final order in another proceeding — Civil Practice Act, §§ 274 and 1299, does not apply — court had power under Civil Practice Act, § 443, to direct determination of question of res judicata first.**

The pleadings in proceedings under article 13 of the Tax Law to review an assessment by certiorari are regulated by sections 291 and 292 and include only a petition and a return.

Section 274 of the Civil Practice Act, which authorizes the court to direct the plaintiff to reply to new matter constituting a defense by way of avoidance, does not apply to this proceeding, nor does section 1299 of the Civil Practice Act have any application to a proceeding brought under the Tax Law, since the question of pleadings is fully covered by the provisions of the Tax Law which are exclusive.

Accordingly, the court did not have the power to direct the petitioner to reply to a supplemental return which set up a final order in another proceeding brought to review the assessment against the petitioner's property for the preceding year.

The court had the power under section 443 of the Civil Practice Act to direct that the question of *res judicata* which was raised by the supplemental return should be determined before any other issue, since there is no provision in the Tax Law regulating the procedure on the hearing.

APPEAL by the relator, The New York Central Railroad Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Genesee on the 26th day of July, 1923, requiring the relator to reply to new matter in a supplemental return to a writ of certiorari issued to review a tax assessment.

*Noel S. Symons,* for the appellant.

*Edward N. Heath,* for the respondents.

SEARS, J.:

In this proceeding the relator seeks to review the assessment of its property for tax purposes in the town of Bergen made in 1916. A similar proceeding was previously instituted by the relator in respect to the assessment of its property in the same tax district

made in 1915, and that prior proceeding has been prosecuted to a final order which is unfavorable to the relator's claims. Following such final order in the earlier proceeding, the respondents obtained at Special Term leave to file a supplementary return to the writ in this proceeding and have filed such supplementary return setting up the final order in the earlier proceeding and alleging further that the assessment of relator's property in the town in 1916 was slightly less than in 1915 and that the total assessment of the property in the town was slightly more in the later year but that difference in the assessments of relator's property was not due to any " physical change in the value of relator's property " and that there was no change in the actual or relative valuation of property in the tax district or in the assessments in the year 1916 prejudicial to the rights of the relator as compared with the assessments for 1915.

The respondents then procured an order at Special Term requiring the relator to reply to this new matter contained in the supplementary return and making provision for the determination of the questions growing out of such new matter before the rest of the issues should be disposed of. This appeal has been taken by the relator from this order.

Although in some respects the proceeding to review an assessment for tax purposes by certiorari resembles an action (Civ. Prac. Act, § 1283, revisers' note), it is, nevertheless, in form, a special proceeding regulated by article 13 of the Tax Law. The allegations of the return are not taken as true, but the proceeding may be in the nature of a venire *de novo* with proof taken by the court or upon a reference. (Tax Law, § 293, as amd. by Laws of 1916, chap. 323, and Laws of 1920, chap. 643; *People ex rel. Manhattan Railway Co. v. Barker*, 152 N. Y. 417.) The pleadings are the petition and the return. These are provided for by the statute. (Tax Law, § 290, as amd. by Laws of 1916, chap. 323; Id. §§ 291, 292.) No provision is made for any further pleading either for the purpose of joining issue or otherwise. (*People ex rel. Sodus Bay & S. R. R. Co. v. Cheetham*, 45 Hun, 6.) Without further pleading the relator may unquestionably meet affirmative defenses set up in the return either by evidence in contradiction or in avoidance of the allegations therein contained.

In our opinion the court is not given authority, even in its discretion, to direct a further pleading by the relator. The respondents rely upon the provisions of section 274 of the Civil Practice Act, which authorizes the court, in its discretion, to require the plaintiff in an action to reply to new matter constituting a defense by way of avoidance, upon the defendant's application. Pleading is a matter of statute. We have discovered no statute authorizing the

requirement of a reply, except where there is a counterclaim, other than the statute referred to. Even in an action, a reply is permissible only when the terms of the statute are strictly followed. (*Avery* v. *N. Y. C. & H. R. R. R. Co.*, 6 N. Y. Supp. 547; affd., 117 N. Y. 660.) But this section applies only to actions under the Civil Practice Act. If the Tax Law did not cover the subject of pleadings, the section of the Civil Practice Act might possibly be applied by analogy. But since the subject is fully covered by the provisions of the Tax Law, these provisions are exclusive. (*People ex rel. New York Central R. R. Co.* v. *Block*, 178 App. Div. 251.) Section 1299 of the Civil Practice Act, which assimilates the practice in a proceeding there referred to to the practice in an action, has reference only to a proceeding in the nature of a certiorari proceeding under article 78 of the Civil Practice Act, and has no application to a proceeding brought under the Tax Law. We deem the order erroneous in so far as it required the relator to file a reply.

As to the other provisions of the order, different principles are applicable. The Tax Law is silent as to how the court shall proceed with its hearing. Under the authority of *People ex rel. Warren* v. *Carter* (119 N. Y. 557) the determination in respect to the 1915 assessment may be decisive of this proceeding. If this is so, it would be a waste of time and energy to take proof upon the general issues involved. Here we have a situation then where the provisions of the Civil Practice Act may be applied (*People ex rel. New York Central R. R. Co.* v. *Block, supra*); and the issues relating to the subject of *res adjudicata* were properly ordered disposed of first. (Civ. Prac. Act, § 443, subd. 3; *Reich* v. *Cochran*, 171 App. Div. 113; *Smith* v. *Western Pacific R. Co.*, 144 id. 180.)

The order appealed from should be modified by striking out the provision requiring a reply but providing that all matters arising out of the new matter in the supplementary return shall be determined prior to the taking of the proofs on the other matters included in this proceeding, without costs to either party.

All concur.

Order modified in accordance with opinion, and as modified affirmed, without costs of this appeal to either party. Settle order before SEARS, J., on two days' notice.