THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMERICAN SUGAR REFINING COMPANY et al., Appellants, against JAMES J. SEXTON et al., Constituting the Board of Taxes and Assessments of the City of New York, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMERICAN SUGAR REFINING COMPANY et al., Appellants, against WILLIAM S. MILLER et al., Constituting the Board of Taxes and Assessments of the City of New York, Respondents. (Two Proceedings.)

Argued April 19, 1937; decided May 25, 1937.

*Eugene Fay* and *William H. King* for appellants. Provisions of the Civil Practice Act prohibit defeat of proceedings for misjoinder and empower the court appropriately to direct trial on the merits. (Civ. Prac. Act, §§ 96, 105, 192; Rules Civ. Prac. rule 102.) The liberalizing provisions as to practice and the wider authority granted by the Civil Practice Act have been generally availed of by the courts, and the Court of Appeals, if it concludes that there was misjoinder of parties, may direct appropriate severance and trial upon the merits. (*People ex rel. Di Leo* v. *Edwards*, 247 App. Div. 331; *Lee* v. *Schmeltzer*, 229 App. Div. 206; *Goldey* v. *Bierman*, 201 App. Div. 527; *Gerseta Corp.* v. *Silk Association*, 220 App. Div. 302; *Prescott* v. *Guibord*, 236 App. Div. 170; *Gould* v. *Gould*, 124 Misc. Rep. 240; *United States Trust Co.* v. *Greiner*, 124 Misc. Rep. 458; *Gibbs* v. *Sokol*, 216 App. Div. 260; *Matter of City of New York* [*Staten Island*], 237 N. Y. 275; *Comerford* v. *Fahy Market*, 204 App. Div. 533; *Davis* v. *Hauk & Schmidt, Inc.*, 232 App. Div. 556; *Haines* v. *Bero Engineering Constr. Corp.*, 230 App. Div. 332.)

*Paul Windels, Corporation Counsel* (*Oscar S. Cox, Paxton Blair* and *Milton I. Newman* of counsel), for respondents. Since the eight parcels embraced in the petition were not owned by the two relators jointly but were owned six by one relator and two by the other, the joinder of the two relators in a single petition was unauthorized, and the petition was rightly dismissed. (*People ex rel. Washington Building Co.* v. *Feitner*, 163 N. Y. 384; *People ex rel. Zollikoffer* v. *Feitner*, 172 N. Y. 618; *People ex rel. Litchfield* v. *O'Donnel*, 187 N. Y. 536; *People ex rel. Thomson* v. *Feitner*, 168 N. Y. 441; *People ex rel. New York Stock Exchange Building Co.* v. *Cantor*, 221 App. Div. 193; 248 N. Y. 533; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 App. Div. 175; 207 N. Y. 695; *People ex rel. O'Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. Morse Dry Dock & Repair Co.* v.

*Purdy*, 100 Misc. Rep. 580.) Section 192 of the Civil Practice Act providing that special proceedings shall not be defeated by misjoinder of parties is inapplicable to writs of certiorari. The same is true of the provisions of section 96 authorizing severances. (*Matter of McKinney* v. *McGoldrick*, 266 N. Y. 665; *People ex rel. N. Y. C. R. R. Co.* v. *Gilson*, 239 App. Div. 108; 265 N. Y. 457; *People ex rel. N. Y. C. R. R. Co.* v. *Bissell*, 207 App. Div. 705; *People ex rel. Church of the Holy Communion* v. *Assessors of Town of Greenburgh*, 106 N. Y. 671; *Matter of Corwin*, 135 N. Y. 245; *People ex rel. Washington Building Co.* v. *Feitner*, 163 N. Y. 384.)

RIPPEY, J. The American Sugar Refining Company, a New Jersey corporation, and the Brooklyn Cooperage Company, a subsidiary of the former organized under the laws of the State of New York, joined in three separate certiorari proceedings to review tax assessments for the years 1933, 1934 and 1935, respectively, on eight separate parcels of improved real property in Brooklyn, of which six parcels were owned by the former company and two were owned by the subsidiary, on the grounds of inequality, illegality and overvaluation. No returns were filed to the writs. Motions were made by relators to punish respondents for contempt, whereupon counter-motions were interposed by respondents to quash the writs on the ground of misjoinder of parties. At Special Term the motions to quash were denied. Orders entered thereon were reversed by the Appellate Division and appeal has been taken to this court.

Section 907 of the charter of the city of New York (Laws of 1901, ch. 466, as amd. by Laws of 1935, ch. 713) provides for a certiorari to review or correct on the merits any final determination of the Board of Taxes and Assessments where the owner of real property claims that the assessments are illegal or erroneous by reason of inequality or overvaluation. The charter is silent on many matters of practice, form, substance and procedural detail. Under such a situation, it has been consistently held that resort

must be had to the provisions of the Tax Law (Cons. Laws, ch. 60) in so far as such provisions are applicable and are not in conflict with pertinent provisions of the charter (*People ex rel. Thomson* v. *Feitner*, 168 N. Y. 441; *People ex rel. Morse Dry Dock & Repair Co.* v. *Purdy*, 100 Misc. Rep. 580; *People ex rel. Brooklyn Development Co.* v. *Purdy*, 96 Misc. Rep. 10; affd., 177 App. Div. 936; *People ex rel. New York Water Service Corp.* v. *Hennessey*, 265 N. Y. 609; *People ex rel. New York Stock Exchange Building Co.* v. *Cantor*, 221 App. Div. 193; affd., 248 N. Y. 533; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 App. Div. 175; affd., 207 N. Y. 695; *People ex rel. O'Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. Zollikoffer* v. *Feitner*, 172 N. Y. 618; *People ex rel. Litchfield* v. *O'Donnel*, 187 N. Y. 536), and when both the Tax Law and the charter are silent, pertinent and non-conflicting provisions of the Civil Practice Act and the Rules of Civil Practice must be invoked. (*People ex rel. N. Y. Central R. R. Co.* v. *Gilson*, 239 App. Div. 108; affd., 265 N. Y. 457; *People ex rel. Durham Realty Corp.* v. *Cantor*, 234 N. Y. 507; *People ex rel. DiLeo* v. *Edwards*, 247 App. Div. 331; *Matter of Belmont*, 40 Misc. Rep. 133; *People ex rel. Rochester Tel. Co.* v. *Priest*, 181 N. Y. 300.)

In some of the cases cited and in *Matter of Corwin* (135 N. Y. 245); *People ex rel. Church of the Holy Communion* v. *Assessors* (106 N. Y. 671); *People ex rel. Manhattan Ry. Co.* v. *Barker* (152 N. Y. 417, 431); *People ex rel. Thomson* v. *Feitner* (*supra*); *People ex rel. Sands* v. *Feitner* (173 N. Y. 647); *Mercantile Nat. Bank* v. *Mayor, etc.* (172 N. Y. 35, 42) and others that, perhaps, might be found, general expressions have been used which would seem to indicate that provisions of the Code of Civil Procedure and of its successor, the Civil Practice Act, were not to be considered in certiorari proceedings brought to review tax assessments. An examination and analysis of those cases will indicate that any decision involved was based upon the fact that some provision of the Tax Law expressly covered the point at issue. Such decisions must be limited to their own peculiar

facts. None of them involved the point in issue here and most, if not all of them, antedated the liberalizing provisions of the Civil Practice Act.

Section 290 of the Tax Law provides, among other things, that "two or more persons assessed upon the same roll who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition." It is urged by respondents that petitioners are not "affected in the same manner," and that, consequently, there is a misjoinder of parties (petitioners). There is much to be said in favor of a contrary conclusion. We do not consider or decide that point. We base our decision on another ground. Assuming, but not deciding, that there is a misjoinder of parties, the orders quashing the writs cannot be sustained. Had there been a non-joinder of necessary parties, the situation would have been different. In such a case, if the result of permitting a new and necessary party to be brought in would render nugatory the statute limiting the time after the completion of the assessment and filing of the roll within which the petition might be filed and the writ granted, the granting of a motion to quash might be imperative. (*People ex rel. N. Y. Central R. R. Co.* v. *Gilson, supra.*) The defect in that case was jurisdictional. But here, both parties are properly before the court, and the court, had a timely motion been made, might have ordered a severance (Civ. Prac. Act, § 96), or a motion might have been made to strike out the party improperly joined (*People ex rel. Sodus Bay & Southern R. R. Co.* v. *Cheetham,* 45 Hun, 6.) Section 192 of the Civil Practice Act specifically provides that no action or special proceeding shall be defeated by the misjoinder of parties.

In each proceeding the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.