THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOUSE OF REEVE, INC., Respondent, v. HENRY M. GOLDFOGLE and Others, Commissioners of Taxes and Assessments of the City of New York, etc., Appellants; THE BREVOORT SAVINGS BANK OF BROOKLYN, Intervener, Respondent. (Taxes for Year 1928.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOUSE OF REEVE, INC., Respondent, v. THOMAS KENNEY and Others, Commissioners of Taxes and Assessments of the City of New York, etc., Appellants; THE BREVOORT SAVINGS BANK OF BROOKLYN, Intervener, Respondent. (Taxes for Years 1929 and 1930.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOUSE OF REEVE, INC., Respondent, v. JAMES J. SEXTON and Others, Commissioners of Taxes and Assessments of the City of New York, etc., Appellants; THE BREVOORT SAVINGS BANK OF BROOKLYN, Intervener, Respondent. (Taxes for Years 1931, 1932 and 1933.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOUSE OF REEVE, INC., Respondent, v. WILLIAM STANLEY MILLER and Others, Commissioners of Taxes and Assessments of the City of New York, etc., Appellants; THE BREVOORT SAVINGS BANK OF BROOKLYN, Intervener, Respondent. (Taxes for Years 1934 and 1935.) — Appeals from orders reducing assessment for taxes dismissed. Orders denying motion to vacate and set aside proceedings in a certiorari proceeding to review a tax assessment affirmed, with one bill of ten dollars costs and disbursements. In these certiorari proceedings to review assessments for the years 1928 to 1935, inclusive, the orders granting writs of certiorari and the writs themselves directed the appellants to make their returns within the respective years that the assessments complained of were in effect. These directions were not complied with. Again in March, 1937, orders were made directing the appellants to file their returns within ten days. Repeated efforts prior thereto had been made by the attorney for the respondent to have the appellants file their returns, but without success. Up to the time of the hearing on the 15th day of June, 1937, no return at all had been served, although it appears that all these returns had been verified prior thereto, and some as early as January, 1937. Thus it seems that there was a deliberate default. It is well settled that although the provisions of the Greater New York Charter and article 13 of the Tax Law are exclusive, when they are silent the pertinent and non-conflicting provisions of the Civil Practice Act and the Rules of Civil Practice are applicable. (*People ex rel. Manhattan R. Co.* v. *Barker*, 152 N. Y. 417; *People ex rel. New York Central R. R. Co.* v. *Bissell*, 207 App. Div. 705; *People ex rel. Buffalo B. P. Assn.* v. *Stilwell*, 190 N. Y. 284; *People ex rel. Kemp R. E. Co.* v. *O'Donnel*, 198 id. 48; *People ex rel. N. Y. C. R. R. Co.* v. *Block*, 178 App. Div. 251; *People ex rel. Am. S. Refining Co.* v. *Sexton*, 274 N. Y. 304.) Irrespective of joinder of issue, respondent was entitled to notice the cause and to procure orders upon the basis of the allegations of its petitions, supplemented by competent proof of value. (Rules Civ. Prac. rule 150; Civ. Prac. Act, § 433.) Although error appears to have been committed with respect to assessments for the years 1932 and 1933 in reducing the assessments below that sought in the respective petitions on the ground of overvaluation, which was the only issue upon which proof was offered at the hearing, such error did not affect

the jurisdiction of the court to make the orders. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.