THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE LEHIGH VALLEY RAILWAY COMPANY and LEHIGH VALLEY RAILROAD COMPANY, Relators, against H. M. VANDEMARK et al., Constituting the Board of Assessors of the Town of Phelps, Respondents.*

Supreme Court, Special Term, Monroe County, March 12, 1947.

*W. F. Gleeson* for relators.

*Abbott, Rippey & Hutchens* for respondents.

GILBERT, J.   Writs of certiorari to review assessments on the property of The Lehigh Valley Railway Company were issued for the years 1928 to 1940, inclusive.   For the years 1928 to 1935, inclusive, The Lehigh Valley Railway Company was the sole relator.   Thereafter the writs were issued in behalf of both The Lehigh Valley Railway Company and Lehigh Valley Railroad Company.   It appears that while The Lehigh Valley Railway Company is the owner of the lands assessed, Lehigh Valley Railroad Company is the lessee thereof and, under its lease, is bound to pay the taxes thereon.

The proceedings have been tried out before a referee and the evidence closed and the cases will be submitted to the referee for decision, as stated in the relators' brief, on or after March 1, 1947.   The relator, Lehigh Valley Railroad Company, has now moved for an order of this court permitting said relator to intervene and be added as a corelator in the proceedings for the years 1928 to 1935, inclusive, and urges that the court has power to grant the relief sought under certain provisions of the Civil Practice Act and rule 102 of the Rules of Civil Practice. The respondents strenuously urge that there is no authority for the court to grant the relief sought at this date nor, if the power is discretionary, should the court exercise such discretion in favor of the moving parties.

Certiorari to review an assessment for taxes is governed by article 13 of the Tax Law.   However, it is well established that in matters of procedure where the Tax Law is itself silent,

the provisions of the Civil Practice Act not inconsistent with the Tax Law will govern procedure. (*People ex rel. New York Central R. R. Co.* v. *Bissell*, 207 App. Div. 705; *People ex rel. Adrian Corp.* v. *Sexton*, 251 App. Div. 181; *People ex rel. Am. S. Refining Co.* v. *Sexton*, 274 N. Y. 304, 307, and cases cited therein.)

The relators contend that, as the Tax Law is silent on the subject of procedure of adding or dropping a party to a certiorari proceeding, recourse should be had to the sections of the Civil Practice Act where such proceedings are authorized and provided for. The relators' brief cites only one case, *People ex rel. New York Central R. R. Co.* v. *Block* (178 App. Div. 251), where such procedure was followed in a certiorari proceeding. A consideration of the facts in the *Block* case (*supra*) reveals a situation very different from the facts in the case now before the court, and would indicate that the action taken was an exercise of the court's discretion and governed by the peculiar circumstances arising on the hearing of that case.

*People ex rel. Am. S. Refining Co.* v. *Sexton* (274 N. Y. 304, *supra*) cited by both the relators and respondents, would seem to this court to be squarely in point on the question here involved and an authority directly opposed to the granting of the relief asked by the relators. In *People ex rel. Am. S. Refining Co.* v. *Sexton* (*supra*) motions were made to quash the writ of certiorari theretofore issued on the ground there was a misjoinder of parties. The Special Term denied the motions and, on appeal, the Appellate Division (249 App. Div. 756) reversed the Special Term and dismissed the writs. On appeal to the Court of Appeals from the decision of the Appellate Division, the Court of Appeals held in substance that the court had power to sever the proceedings or to strike out the parties improperly joined under the provisions of the Civil Practice Act but, had there been a nonjoinder of necessary parties and if the result of permitting a new party to be brought in would render nugatory the statute limiting the time within which a petition might be filed, the defect would be jurisdictional and an order would not be granted.

In *People ex rel. New York Central R. R. Co.* v. *Gilson* (239 App. Div. 108, affd. 265 N. Y. 457) a case in which necessary parties had not been joined in the proceeding, the court held that it was too late to bring in the missing parties as the time within which the petition could be filed had expired. In *People ex rel. Bingham Operating Corp.* v. *Eyrich* (265 App. Div. 562), cited by the relators, an entirely different situation

existed. In that case a complaint had been timely made by the owner who then sold the property to the relator in that proceeding; the relator instituted the proceeding within the period permitted by the Tax Law and in that case there was no substitution or bringing in of additional parties.

Section 290 of the Tax Law provides that any person assessed upon any assessment roll and who claims to be aggrieved, may present a petition to the Supreme Court. Section 291 of the Tax Law provides that such petition must be presented within thirty days of the final completion and filing of the assessment roll. To this extent the provisions of the Tax Law are explicit and are controlling. To allow an aggrieved person, within the definition of section 290, who has neglected to file a petition within the prescribed time as specified in section 291, to be joined in a pending certiorari proceeding as a corelator under sections of the Civil Practice Act or Rules of Civil Practice, would circumvent the express provisions of the Tax Law and should not be permitted.

No reason is advanced by the moving parties why the discretion of the court should be exercised even if the court had discretion in the matter. As stated in respondents' brief, these proceedings have been pending over a period of years, all of the evidence has been submitted, and the issue is before the referee for decision. During all that period of time no move was made for the relief now asked and it would seem that the laches of the relator would bar any favorable discretionary action on the part of the court. However, this court holds that the matter is jurisdictional and that there is no power in this court at this time to grant the relief sought.

Ordered accordingly.