THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE LEHIGH VALLEY RAILWAY COMPANY, Relator, against H. M. VANDEMARK et al., Constituting the Board of Assessors of the Town of Phelps, Respondents.

Supreme Court, Special Term, Ontario County, May 24, 1947.

*W. F. Gleeson* for relator.

*Abbott, Rippey & Hutchens* for respondents.

GILBERT, J. This motion is brought for leave to renew a prior motion to intervene, decided adversely to the relators and for an order vacating the order entered on the prior decision and for a new order allowing the relator, Lehigh Valley Railroad Company, to intervene in certain pending certiorari proceedings (189 Misc. 42). Leave to renew the motion is based on the proposition that in the argument on the prior motion sufficient of the facts were not brought to the attention of the court and that the court was not properly apprehended as to the exact nature of the application.

The relator, The Lehigh Valley Railway Company, is the owner of the lands in the town of Phelps assessed by the officials of that town during the period from 1928 to 1940 inclusive. Writs of certiorari to review the assessment were instituted in each year. For the years 1928 to 1935 inclusive, The Lehigh Valley Railway Company was the sole relator. For the years 1936 to 1940 both The Lehigh Valley Railway Company and Lehigh Valley Railroad Company were joined as relators. Lehigh Valley Railroad Company is the lessee of the lands in question and, under the terms of its lease, is bound to pay the taxes assessed thereon. It appears also that Lehigh Valley Railroad Company is owner of all of the stock of The Lehigh Valley Railway Company and operates the business carried on on said lands.

The several certiorari proceedings instituted for the years 1928 to 1940 were referred to a referee, tried, the proofs closed, and are awaiting decision. At the close of the hearings, the respondents moved to have certain testimony and exhibits relating to the cost of operation etc., of the railroad business during the period from 1928 to 1935 stricken from the record on the ground that Lehigh Valley Railroad Company was not a party to the proceeding during those years.

The present motion is made for the purpose of correcting this situation, if possible, and making the testimony in question competent by adding and bringing in as a corelator, and amend-

ing the petitions in the proceedings, the Lehigh Valley Railroad Company.

In the decision of this court in the former motion it was held that, in view of the fact that Lehigh Valley Railroad Company was not a necessary party to the proceedings during the years in question by reason of the fact that it was not the owner of lands assessed in the town of Phelps, the provisions of sections 290 and 291 of the Tax Law were a bar to the relief asked. On the present motion the relator frankly states and concedes that it is not a necessary party and that it is not the owner of lands assessed in the town of Phelps and that it did not apply for a writ within the period specified by section 291 of the Tax Law. The relator bases its right to the relief asked solely under the provisions of section 1298 of the Civil Practice Act which provides in substance that a person specially and beneficially interested in upholding or annulling a determination to be reviewed may be admitted as a party to a proceeding.

Section 1298 of the Civil Practice Act is one of the sections under article 78 of the Civil Practice Act (L. 1937, ch. 526). This article abolished the old writs and orders of certiorari to review, mandamus and prohibition and established a new procedure in those matters. New article 78, however, specifically states that it is not to be construed as abolishing the writ of certiorari under the Tax Law and which is the type of proceeding with which we are now concerned.

It is true that in matters of procedure, where the Tax Law is itself silent, the provisions of the Civil Practice Act not inconsistent therewith, will govern procedure. (*People ex rel. New York Central R. R. Co.* v. *Bissell*, 207 App. Div. 705; *People ex rel. American S. Refining Co.* v. *Sexton*, 274 N. Y. 304, 307, and cases therein cited.)

With this fact in mind it is necessary to determine just what is the nature of the relief that is now asked by the relator. The motion as made asks for an order " permitting Lehigh Valley Railroad Company to intervene and be joined as a co-relator in the proceedings commenced by the issuance of writs on the 15th day of September, 1928, the 12th day of September, 1929, the 18th day of September, 1930, the 16th day of September, 1931, the 14th day of September, 1932, the 15th day of September, 1933, the 13th day of September, 1934, the 28th day of September, 1935, and amending the titles and proceedings and papers therein accordingly, and making all of the proceedings had therein and all of the evidence taken therein applicable to said Lehigh Valley Railroad Company as though it had been originally named as a relator in each of said proceedings."

In effect, the relief asked would place the Lehigh Valley Railroad Company in exactly the same position as though it had promptly in each of the years in question, taken the steps provided by sections 290 and 291 of the Tax Law in moving for a writ of certiorari, assuming for the moment that it is a proper party to such a proceeding. For the years 1936 through 1940, Lehigh Valley Railroad Company became a corelator with The Lehigh Valley Railway Company in the writs issued in those years. Just how this was accomplished is not clear to this court as, concededly, it was not a person assessed upon any assessment roll of the town of Phelps. True, as its lease required it to pay the taxes it had a financial interest in the amount of the assessment, yet it was not assessed nor was it the owner of property, a prerequisite to institute a tax certiorari proceeding.

To grant the relief now asked would, in effect, make Lehigh Valley Railroad Company an original relator. On this matter of procedure article 13 of the Tax Law is not silent as sections 290 and 291 of that law provide who may become a relator in such a proceeding and the method of procedure to become such. In other words, it is not a matter of procedure on which article 13 is silent so that the provisions of section 1298 of the Civil Practice Act may be brought into play.

The only case cited by the petitioner which might be considered as bearing on the points raised in *People ex rel. New York Central R. R. Co.* v. *Block* (178 App. Div. 251) cited in petitioner's brief on the original motion and also in its brief in the present appeal. In this last-mentioned case the Ulster & Delaware Railroad Company was the owner of property assessed on the roll in question although it had instituted no certiorari proceeding. The amount of its assessment was being attacked in a proceeding brought by the New York Central Railroad Company for a reduction of its assessment and, under these circumstances the court in that proceeding allowed an intervention under certain restrictions.

In the present situation it would seem that the interest of Lehigh Valley Railroad Company, the lessee, would have been properly protected by the proceeding which its lessor, The Lehigh Valley Railway Company, instituted in the years in question. It seems clear that it should not now be permitted to become a party in defiance of the provisions of the Tax Law which specifically provide who, and in what manner, may institute such proceedings.

An order may be entered granting the relator's motion to renew its prior motion and denying the said motion as renewed.