## STATE EX REL. MONCHECOURT *v.* VIGO CIRCUIT COURT ET AL.

[No. 29,809. Filed December 3, 1959.]

*Ernest C. Cordell,* of Terre Haute, for relatrix.

*Buena Chaney,* of Terre Haute, for respondents.

LANDIS, J.—Relatrix has filed petition for writ of prohibition and mandate asking that respondent court be restrained from allegedly exceeding its jurisdiction in a certain probate proceeding in respondent court in which relatrix was declared to be incompetent and respondent Ebert Snoddy was appointed her guardian, and asking that the judgment and orders entered in said proceedings be vacated and set aside.

Relatrix's petition in substance alleges that she is a widow, 59 years of age, and that on December 9, 1958, she was confined at a hospital, was called upon by her brother, Ebert Snoddy and wife, and asked to sign certain legal papers, viz.: a waiver of notice to her broth-

er's petition to be appointed as her guardian. That the waiver appeared at the bottom of the guardianship petition, but that she did not read or know the significance of the papers and was confused, although she states her brother did ask that she sign the waiver so that he could take care of her affairs while she was hospitalized; that nevertheless she did not intend to give him full authority as guardian over her affairs.

That on the same date respondent court, without a summons being served on relatrix and in the absence of any appearance by her in person or by attorney, granted her said brother's petition to be appointed as her guardian.

The record attached as an exhibit shows relatrix was represented at the hearing by the Prosecuting Attorney of Vigo County; that the court found the personal appearance of relatrix should be dispensed with because of her health; that relatrix was incapable of managing her affairs by reason of senility, infirmity, and nervous and physical illness; and that her brother, Ebert Snoddy was her nearest blood relative, and qualified to bring the proceedings and to be her guardian; that judgment was rendered on the court's finding appointing said guardian.

Relatrix further complains that she was not consulted by said Prosecuting Attorney and did not authorize him to appear for her; that on her release from the hospital on December 16, 1958, guardian Snoddy had taken possession of her property and checking account, and she was only given bare living expenses by him, and was now living in a cheap apartment.

That on December 19, 1958, relatrix filed before respondent court her motion to vacate the judgment appointing the guardian, and for attorney's fees for her attorney, and after a change of judge was taken by

relatrix, said motion to vacate was on May 19, 1959 denied; that petition for writ of prohibition and mandate was thereafter filed in this Court.

The statute providing for notice of hearing on petition for guardianship is Burns' §8-114, 1959 Cum. Supp.,[1] which so far as applicable, provides:

"When an application for the appointment of a guardian is filed with the court, notice of the hearing shall be served as follows:

. . . . . .

"(b) When the application is for the appointment of a guardian for a minor no notice shall be necessary unless ordered by the court;

"(c) When the application is for the appointment of a guardian for an incompetent person as defined in section 1901c (2) [§8-102 (c) (2)] notice of hearing shall be served upon the following *unless they have signed the petition or have waived notice of the hearing;*

"(1) The incompetent, if over fourteen [14] years of age;

"(2) The person having the care and custody of the incompetent, if any;

"(3) Any other person directed by the court.

"All notices required by this section shall be given in the manner as prescribed by the provisions of section 112 [§6-112] of this act, except that the court for good cause shown may reduce the number of days of notice but in every case at least three [3] days notice shall be given.

"Unless the court directs otherwise, it shall not be necessary that the person for whom guardianship is sought shall be represented by a guardian ad litem in the proceedings." (Emphasis added.)

Relatrix concedes notice can be waived under the above statute but contends the waiver cannot be made

---

1. Acts 1953, ch. 112, §1914, p. 295; 1955, ch. 258, §10, p. 667.

out of court and that respondent court was therefore without jurisdiction.

The statute (Burns' §8-114, *supra*) above set forth with the clause ". . . *unless they have . . . waived notice of the hearing*" and numerous other sections of the Probate Code providing for notice set out by the footnote below[2] specify notice may be waived, but in none of them is there a provision requiring the notice to be made in open court.

This court cannot properly engraft new words into the statute at will as we cannot judicially legislate but the law-making power resides exclusively in the General Assembly.

We believe nothing in the statute in question indicates any such restriction on the waiver, as urged by relatrix, was contemplated by the legislature, and further point out that notice need not be served on any of the persons named in the statute (including the incompetent) if such person or persons have signed the petition for appointment of the guardian. The signing of the petition obviously could take place outside of court just as readily as in court, and in practice usually occurs before the parties come to court. Certainly, the legislature which provided that notice could be dispensed with if the incompetent signed the petition for appointment (which can be signed outside of court) could not be said to have intended (without saying so) that the waiver of notice by the incompetent must nevertheless be made by him in open court.

---

2. Burns' §6-112 (1959 Cum. Supp.), being Acts 1953, ch. 112, §112, p. 295; Burns' §6-119 (1953 Repl.), being Acts 1953, ch. 112, §119, p. 295; Burns' §6-203 (1953 Repl.), Acts 1953, ch. 112, §203, p. 295; Burns' §6-213 (1953 Repl.), being Acts 1953, ch. 112, §213, p. 295; Burns' §6-306 (1953 Repl.), being Acts 1953, ch. 112, §306, p. 295; Burns' §7-2307 (1953 Repl.), being Acts 1945, ch. 35, §1, p. 63; Burns' §8-115 (1953 Repl.), being Acts 1953, ch. 112, §1915, p. 295; Burns' §8-116 (1953 Repl.), being Acts 1953, ch. 112, §1916, p. 295.

We further call attention to the statement in Henry's Probate Law and Practice, Grimes, 6th ed., where it is stated at p. 1699 of Vol. 2, viz.:

". . . No notice is required to an infant under fourteen and alleged incompetents over that age *may waive in writing* the notice requirement without respect to the degree of mental stability." (Emphasis added.)

It is our conclusion that the waiver provided for in Burns' §8-114, *supra,* cannot necessarily be limited to a waiver made in open court, as contended by ■ relatrix, and it is our holding that the court was not without jurisdiction as a matter of law because the waiver was an extra-judicial one.

We believe much of relatrix's real contention herein is that relatrix did not in fact waive notice of the guardianship hearing, as she did not make the ■■ waiver *understandingly.* Waiver has been defined as the voluntary relinquishment of a known right.[3] It is of course inconceivable that a waiver could operate if a showing were made to the satisfaction of the court, that no waiver was intended or contemplated, and this is particularly true where the waiver is allegedly made by a person alleged to be incompetent. The trial court should not allow miscarriages of justice to occur by overzealous or unscrupulous persons taking waivers from incompetents. The trial court must exercise a sound discretion when a matter of this character is presented to it. This issue however is a question of fact to be determined by the trial court, and as it is a matter the trial court has jurisdiction to adjudicate, any error claimed in the trial court's ruling could only

3. Ballentine's Law Dict., p. 1351; Black's Law Dict., 4th ed., p. 1751.

be presented by appeal and not by an original action of prohibition in this court.

Relatrix next contends the respondent court was without jurisdiction because the proceedings on the petition for guardianship were conducted in the absence of relatrix or any attorney appointed by her.

The record shows that respondent court found ". . . that the personal appearance of Lillian Monchecourt, alleged incompetent, should be dispensed with by reason of her health." This was in accordance with the statute providing:

> ". . . If the court shall be satisfied that such person alleged to be incompetent cannot, without injury to his health, be produced in court, such personal appearance may be dispensed with." Burns' §8-119 (1953 Replacement), Acts 1953, ch. 112, §1919, p. 295.

In view of this state of the record and these provisions of our statutory law, we are unable to comprehend on what basis relatrix can properly here contend the court was without jurisdiction to proceed either in her absence or that of any attorney she might desire to appoint.

The record further shows the appointment by the court of the Prosecuting Attorney to represent relatrix as specified by the provisions of Burns' §8-119, *supra*, viz.:

> ". . . It shall, in such case, be the duty of the prosecuting attorney to appear for the person alleged to be incompetent in such proceeding and by proper defense to protect the interest of such person. . . ."

Whether the Prosecuting Attorney made a proper defense to protect the interests of such person under

this statute is a matter which should be presented by way of appeal instead of by proceedings challenging the jurisdiction of the lower court.

Relatrix has made numerous other contentions with reference to the proceedings below, but they are matters which concern only the question of whether respondent court abused its discretion or committed error within its jurisdictional bounds. Many of such arguments should properly be addressed to the trial court in the proceedings below, in the first instance, and if such court abuses its discretion or commits error within the lawful confines of its jurisdiction, resort may then be had to the Appellate Court or this Court by way of appeal, but the matters here presented are not jurisdictional questions properly raised in an original action for prohibition in the Supreme Court.

The petition for writ of prohibition is denied.

Arterburn, C. J., and Bobbitt and Achor, JJ., concur; Jackson, J., concurs with opinion.

## CONCURRING OPINION

JACKSON, J.—This being an original action seeking a WRIT OF PROHIBITION, the only question is, did the Vigo Circuit Court have jurisdiction?

As a matter of law, that question must be answered in the affirmative, and for that reason alone I am compelled to concur in the majority opinion.

The majority opinion has cited the law applicable here and has summarized the facts in this proceeding. The record here further discloses, on behalf of relatrix, that she is a widow 59 years of age and is the owner of real estate of the value of $6,500 and personal property of the value of $8,388. That a few days before December

9, 1958, relatrix on the advice of her brother, respondent Ebert Snoddy, and his family doctor, entered the Union Hospital at Terre Haute, Indiana. That on December 9, 1958, the respondent, Ebert Snoddy and his wife Vada, called on her in said hospital and asked that she sign certain legal papers which he had brought with him, viz.: a waiver of notice appearing at the bottom of a petition for appointment of her said brother as guardian of her person and estate. That she did not know at the time the signficance of said legal papers, but was in pain, drowsy and confused, and that her brother asked that she sign them in order to enable him to take care of her affairs while she was hospitalized. That she did not read the papers, but signed the waiver of notice in full confidence that her brother would not take unfair advantage of her. That she did not intend to be declared an incompetent and give him, as her guardian, exclusive control of her affairs. It appears from the record here that Ebert Snoddy, as guardian, has taken possession of the ward's property and checking account, giving her bare living expenses and has moved her into a cheap apartment.

Some of our statutes are fraught with peril to the rights of the persons involved. This court can not act as a super legislature and by judicial decree ignore a valid statute, but in my opinion this court is obligated to point out glaring weakness and inequities in the statutes to the end that such weaknesses and inequity may be eliminated or corrected.

The record in this case discloses that the statutes cited in the majority opinion are an open invitation for the perpetration of fraud upon the courts and the public alike. This situation should be corrected.

It seems incomprehensible that one can sign a waiver in a petition for the appointment of a guardian on

account of incompetency, and thereafter, on the same day, in a matter of minutes or hours have a court act thereon and eo instante become incompetent on the rendition of the judgment.

NOTE.—Reported in 162 N. E. 2d 614.