BAKER, JUDGE,
concurring in part and dissenting in part.
[40] I respectfully dissent from the majority regarding the sufficiency of the evidence supporting Jackson’s conviction for corrupt business influence. As the majority notes, Indiana Code section 35-45-6-2(2) provides that a person commits corrupt business influence if he, “through a pattern of racketeering activity, knowingly or intentionally acquires or maintains, either directly or indirectly, an interest in or control of property or an enterprise.” A pattern of racketeering activity “means engaging in at least two (2) incidents of racketeering activity that have the same or similar intent, result, accomplice, victim, or method of commission, or that are otherwise interrelated by distinguishing characteristics that are not isolated incidents.” I.C. § 35-45-6-1.
[41] The majority concludes that there is insufficient evidence supporting a conclusion that the racketeering activity amounts to or poses a threat of continued criminal activity — an element that appears nowhere in the statute defining the crime. As noted by the majority, however, our Supreme Court has noted the many differences between the Indiana act and the federal act. See Keesling, 880 N.E.2d at 1203-06 (emphasizing that the Indiana statute “uses language significantly broader than” its federal counterpart).
[42] In writing a continuity requirement into the federal RICO statutes, the United States Supreme Court focused heavily on legislative history and Congressional intent. H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 238-39, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). There is no such legislative history to examine in Indiana. And the General Assembly has had the benefit of the United States Supreme Court’s opinion in H.J. for over two decades but has never elected to adopt the continuity requirement announced in that case.
[43] It is axiomatic that when engaging in statutory interpretation, “Courts may not ‘engraft new words’ onto a statute or add restrictions where none exist.” Kitchell v. Franklin, 997 N.E.2d 1020, 1026 (Ind.2013) (quoting State ex rel. Monchecourt v. Vigo Cir. Ct., 240 Ind. 168, 162 N.E.2d 614, 615 (1959)). I believe that to reverse a conviction for failure to prove an element that is nowhere to be found in the statute defining the crime requires us to engraft new words onto a statute. I do not believe it is our place to do so. As a result, I would affirm Jackson’s conviction for corrupt business influence. In all other respects, I concur with the majority.