STATE EX REL. BOTKIN *v.* DELAWARE CIRCUIT COURT, COX, JUDGE.

[No. 29,788. Filed December 2, 1959. Rehearing denied January 21, 1960.]

William F. Radcliff, Bracken, DeFur, Voran and Hanley, all of Muncie, for relator.

Frank E. Gilkison, Jr., White, Haymond, Pierce & Beasley, all of Muncie, for respondent.

LANDIS, J.—This is an original action for writ of mandate asking that respondent court be mandated to permit the filing of relator's affidavit of change of venue from the county and be further mandated to grant said change of venue from the county. We issued the alternative writ.

The facts necessary for an understanding of this matter follow: The Muncie Water Works Company filed petition before the Board of County Commissioners of Delaware County for a relocation of a county road known as Burlington Pike. Relator filed a plea in abatement to the water works company petition specifically alleging he was a resident freeholder of Perry Township, Delaware County, Indiana, and denying that the proposed change in location and relocation of said highway was all upon the land of the water works company or any other person consenting thereto. The water works company filed motion to strike out the plea in abatement on the ground relator was not a party to the proceedings and had no right to file the pleading, which motion was sustained and said plea in abatement stricken out. The Board of Commissioners appointed viewers who reported the public would be materially

injured by the proposed relocation and the board thereafter denied the petition for relocation. From this ruling the water works company appealed to respondent court under the statute.

Relator thereafter filed before respondent court his plea in abatement, similar to the one previously filed before the board, to which the water works company filed a motion to strike out, alleging relator was not a party to the proceeding, which motion was sustained, and the plea in abatement was again stricken out. Relator filed request for jury trial and tendered application for change of venue from the county, which were thereafter stricken out and the filing thereof disallowed on motion and objection of the water works company. Relator now brings action in this Court asking that respondent be mandated to grant the change of venue.

The proceeding brought below before the Board of County Commissioners was pursuant to the provisions of Burns' §§36-215, 36-216 and 36-217 (1949 Replacement),[1] which provide in part as follows:

> "Any person through whose land any highway heretofore located and established, or hereafter to be located and established may run, may petition the board of commissioners of the proper county for permission to change the location of such highway on his land, or on the lands of any other person consenting thereto. Every such petitioner shall give notice . . . by posting. . . .
>
> "Upon the filing of such petition, and proof of notice . . . the board of commissioners shall appoint three [3] disinterested freeholders of the county as viewers, who . . . shall report . . . whether, in their opinion, the public would be materially injured by such proposed change, and shall file their report with the board of commissioners at its next session thereafter.

1. Acts 1905, ch. 167, §§17, 18 and 19, p. 521.

"Upon the filing of such report, and before action thereon, if the report be favorable to such change, any freeholder may file his remonstrance against the same, stating therein the reasons why such change ought not to be made, and an issue may be made thereon; and if the report of the viewers be unfavorable to such change, the petitioner may make an issue thereon, and any such issue shall be tried before the board of commissioners, as other issues of fact are tried; and if, upon the report of the viewers, or upon any issue tried as above, the board shall be of opinion that the public will not be materially injured by such proposed change, it shall make an order granting permission to the petitioner to make such change, and upon satisfactory proof, then or thereafter, that the new road has been opened and improved, and made equally convenient for travelers, the board shall make an order vacating so much of the former highway as lies between the different points of intersection. . . ."

Burns' §36-1501 (1949 Replacement),[2] provides for appeal from the decision of the Board of Commissioners to circuit court as follows:

"Except as otherwise provided in this act, any person aggrieved by any decision of the board of commissioners of any county in any proceeding in relation to highways may appeal therefrom within thirty [30] days thereafter to the circuit court of such county, . . . *Such appeal shall be tried de novo and may be had as to any issue [tried] or that might have been tried before the county board;* but every report made to the board by viewers or reviewers or by any committee, body or officer under the provisions of this act shall be considered in evidence on such appeal. The court may make final determination of the cause so appealed, or may refer the case back to the county board or boards, with directions how to proceed. . . ." (Our emphasis.)

Respondent contends among other things that relator's affidavit for change of venue from the county

2.  Acts 1905, ch. 167, §123, p. 521.

cannot be the proper basis for a writ of mandamus as it was not filed within 10 days after the issues were first closed on the merits as required by Rule 1-12B. It appears from the record here that the transcript of the board's proceedings was filed with respondent court on January 31, 1959, and that relator on March 16, 1959, or 43 days thereafter, first tendered his affidavit for change of venue from the county. The filing of the transcript would here constitute closing of the issues as we have held that in proceedings de novo, in the circuit court to review the action of the Board of County Commissioners under the highway statutes, the cause is tried solely upon the papers filed and issues made before the county board and certified to the circuit court. *Scofield* v. *Miller* (1925), 196 Ind. 635, 149 N. E. 345; *Whitesell* v. *Metsker* (1918), 188 Ind. 1, 119 N. E. 865; *Fisher* v. *Blumhardt* (1915), 182 Ind. 603, 107 N. E. 466.

Relator has, however, alleged in his affidavit for change of venue that knowledge of the cause for change was first discovered between March 12 and March 14, 1959, from a conversation at the Governor's office in the State House at Indianapolis and from two newspaper articles in the Indianapolis Star and Muncie Star, and that relator could not have learned previously by the exercise of due diligence of the cause for change.

The allegations of the affidavit for change of venue were obviously intended to comply with that portion of Rule 1-12B which provides:

"Provided, however, if the moving party first obtains knowledge of the cause for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how

it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and the ruling of the court may be reviewed only for abuse of discretion." (Our emphasis.)

The law is well settled that original actions of mandate and prohibition in the Supreme Court cannot be utilized to review the question of abuse of discretion by the lower court where such lower court possessed an area of discretion within which to act or not to act. *State ex rel. Benson* v. *Superior Court* (1933), 205 Ind. 464, 187 N. E. 203; *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596; *City of Hobart* v. *State, ex rel.* (1926), 198 Ind. 574, 154 N. E. 384; 19 West's Ind. Law Encycl., "Mandate and Prohibition," §42.

Original actions for writ of mandate and prohibition in this court are extraordinary legal remedies and are not intended as a short-cut or substitute for the remedy of appeal, although that is sometimes attempted by litigants and their counsel.

We are not able to say in a case such as this, where one attempts to make an affirmative showing of recent prejudice to escape the consequences of the 10-day rule, that a mandatory duty enjoined by law can be deemed to have devolved upon respondent court, to act in the manner requested by relator. On the contrary, the specific language of Rule 1-12B requires that the determination of the issue presented by this affidavit for change of venue must be addressed to the lower court's judicial discretion. And under decisions of this Court above cited that issue is not a matter properly presented by resort to the extraordinary remedy of mandamus, but relator's remedy if

he desires a review of the lower court's alleged abuse of discretion is by appeal.

The alternative writ of mandate is dissolved and the permanent writ denied.

Arterburn, C. J., and Bobbitt, J., concur.

Jackson, J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 162 N. E. 2d 611.