STATE EX REL. RANS *v.* FULTON CIRCUIT COURT ET AL.

[No. 29,868.  Filed February 4, 1960.]

*Charles C. Campbell, Arthur Metzler,* both of Roches-
ter, and *Marshall F. Kizer,* of Plymouth, for relator.

*S. J. Crumpacker* and *Crumpacker, May, Beamer, Levy & Searer,* of South Bend, for respondents.

LANDIS, J.—Relator has filed an original action for writ of mandate and prohibition in this Court asking that respondent special judge be mandated to expunge the record made in cause number 19,626 in respondent court overruling relator's motion to withdraw the submission of said cause from respondent judge, and to further expunge all subsequent rulings by respondent judge to prohibit any further proceeding by said judge, and that a new judge be appointed to assume jurisdiction in said cause. We issued the temporary writ.

The facts appearing of record are as follows: Relator brought suit against The Pennsylvania Railroad Company for damages and the jury returned a verdict in relator's favor for $6,500.00. On June 16, 1959, defendant railroad filed motion for new trial. On September 18, 1959 (94 days after the filing of the motion for new trial), relator filed motion to withdraw the submission from respondent special judge for the reason that under Rule 1-13 of this Court respondent should not hold the same under advisement for longer than 90 days. Respondent overruled relator's motion to withdraw the submission and set the motion for new trial for argument for October 8, 1959, at which time the motion for new trial was sustained. On November 16, 1959, relator filed his action for writ of mandate and prohibition in this Court.

Respondent contends the case of *State ex rel. Beatty v. Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407, is controlling of the case here before us. There the cause was heard by respondent judge and was taken under advisement on January 27, 1954. On April 29, 1954, relator-defendant filed petition to withdraw the

submission under Rule 1-13. On May 20, 1954, the lower court overruled relator-defendant's motion, and a finding and judgment against relator-defendant was rendered by respondent court. The Court there noted in denying the writ that relator had previously pursued his case to final judgment in respondent court and that the original action of mandamus in the Supreme Court was not intended to be a substitute for an appeal.

We believe the *Beatty Case* is decisive of the case before us for decision. The record here shows that the lower court has determined (rightly or wrongly)[1] the issues pending before it by overruling relator's motion to withdraw the submission and thereafter sustaining the motion for new trial on October 8, 1959. This ruling is now deemed to be an appealable final judgment under the statute.[2] Relator did not come into this Court with his original action until November 16, 1959, which was more than a month after the appealable judgment was rendered. As remarked in the *Beatty Case*, ". . . If [the judgment below] . . . had been in his favor, undoubtedly he would not have brought this action. (Page 434 of 233 Ind., page 408 of 120 N. E. 2d.)

This Court has limited original jurisdiction under Burns' §3-2201[3] to grant the extraordinary remedy of

---

1. It may be noted that the Appellate Court in the case of *Conover* v. *Cooper* (1925), 83 Ind. App. 675, 145 N. E. 779, held that under the Acts of 1923, ch. 83, §1, p. 254, being Burns' §2-2102 (1946 Replacement), the mere filing of a motion for new trial did not amount to a submission of the same to the court and the taking of it under advisement, so as to render a party entitled to a change of judge on the expiration of 90 days, when no determination was made of the issues within such time. Burns' §2-2102, *supra*, was in substance supplanted by Rule 1-13 of the Supreme Court after the statute was declared unconstitutional in *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 69 N. E. 2d 592.

2. Burns' §2-3201 (1959 Cum. Supp.), being Acts 1881 (Spec. Sess.), ch. 38, §628, p. 240; 1959, ch. 25, §1, p. 75.

mandate or prohibition where the lower court ■ does not perform a duty enjoined on it by law or where it has no jurisdiction to act but is attempting to do so nevertheless. The writs were never intended to be a substitute for the remedy of appeal. *State ex rel. Botkin* v. *Delaware Circuit Court* (1959), 240 Ind. 261, 162 N. E. 2d 611; *State ex rel. Monchecourt* v. *Vigo Circuit Court* (1959), 240 Ind. 168, 162 N. E. 2d 614.

The temporary writ heretofore issued is dissolved and the permanent writ denied.

Arterburn, C. J., and Bobbitt, J., concur.

Jackson, J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 164 N. E. 2d 111.

3. Burns' §3-2201 (1959 Cum. Supp.), being Acts 1955, ch. 253, §1, p. 647.