NOBLITT ET AL. *v.* METROPOLITAN PLAN COMMISSION ETC. ET AL.

[No. 19,163. Filed February 21, 1961.]

*John H. Baldwin,* of Indianapolis, for appellants.

*William B. Patrick,* for appellee, Metropolitan Plan Commission of Marion County, Board of Zoning Appeals.

*William F. LeMond* and *Eugene M. Fife, Jr.,* both of Indianapolis, for appellees, Sun Oil Co., Florence E. Dawson and Emily S. Maxwell.

Ax, C. J.—The controversy involved in this appeal arose out of a varinance originally granted by the Marion County Board of Zoning Appeals to Florence E. Dawson and Emily S. Maxwell, owners of two lots,

together with the Sun Oil Company, an interested party, to permit the construction of a Sunoco Service Station in a residential district of Marion County, Indiana. The variance was later sustained by the Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals. Thereafter the appellants (plaintiffs below) who are other property owners in the zoned area in which the variance was granted, filed a petition in the Circuit Court of Marion County, Indiana, for a writ of certiorari to review the decision of the defendant, Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals, which had sustained the variance granted by the aforesaid Marion County Board of Zoning Appeals. The Circuit Court of Marion County entered judgment against appellants, finding that the decision of said Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals was legal and proper. Whereupon the appellants filed a motion for new trial, which was overruled. This appeal is from that judgment.

In the trial below only the Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals, was named defendant. During the course of the proceedings below, Sun Oil Company filed a special appearance to challenge the jurisdiction of the court. Shortly thereafter the Sun Oil Company again entered the proceedings by filing an answer in abatement to appellants' petition, asserting that Emily S. Maxwell, one of the owners of the property involved, was a necessary and indispensable party to the action and had not been made such. Appellants proceeded thereupon to file a demurrer to the answer in abatement, asserting that the Sun Oil Company was not a defendant in the cause and could therefore not properly file an answer in abatement. No rulings were made upon these

or certain other pleadings which were filed during the time this cause was pending for trial, but the court, with utter disregard to the motions pending, which certainly is not condoned by this court, proceeded to a determination of this action, resulting in judgment for the defendants.

Appellants, in their motion for new trial argued that the trial court had erred by failing to rule on the various motions and further that they were taken by surprise when the trial was held. It was appellants' contention that the issues were not closed in this action at the time the court ordered this cause to trial. Upon bringing of this appeal, appellants asked for an extension of time to file assignment of errors and transcript. Emily S. Maxwell thereafter filed with this court a special appearance and a motion to dismiss, challenging that neither the lower court nor this court has jurisdiction. It was her contention that she was an adverse party to the appellants in the hearing before the Metropolitan Plan Commission Board of Zoning Appeals of Marion County and that she was never made a party to the proceedings below nor had she been given notice of apellants' petition for extension of time. That motion was properly denied by this court.

When the appellants filed their assignment of errors and transcript with this court they included along with the Metropolitan Plan Commission, Board of Zoning Appeals, the Sun Oil Company, Florence E. Dawson and Emily S. Maxwell as party appellees. This court is puzzled as to why the appellants would introduce into the court for the first time the three additional appellees which they seemingly intentionally omitted in the lower court.

Following oral argument this court granted permission to both sides to file special briefs on the entire

matter of jurisdiction and the respective rights of the parties involved. In support of their respective answers appellants and appellees supplied the court with additional authorities.

We have labored arduously examining the record of this cause trying to determine who should and who should not be parties to this action. The record makes it quite clear that we have more parties named on appeal than were named in the Circuit Court below. We can only consider those who were made parties below. Now the question arises as to who were the parties below? Or more appropriately, who should have been named as party defendants below?

In two recent opinions this court has clearly held that when a petition for writ of certiorari is brought to review an action of the Board of Zoning Appeals, which had granted a variance to certain landowners, those parties which received the grant are necessary and indispensable parties and must be named as party defendants. *Kupfer et al.* v. *Board of Zoning Appeals* (1959), 130 Ind. App. 55, 162 N. E. 2d 110; *McArdle et al.* v. *Board of Zoning Appeals* (1960), 131 Ind. App. 5, 167 N. E. 2d 608.

In light of these cases it was clearly an error on the part of the appellants in the instant case not to name those who are necessary and indispensable parties as party defendants in the lower court.

The Sun Oil Company tried to intervene to protect its own interests and to bring to the court's attention the fact that Emily S. Maxwell was an indispensable party but had *not* been made such. Though the procedure was improper, the intent of intervention was plainly present. It is this court's opinion that the court below erred in failing to stop proceedings at this point in order to make a determination of the matter. Such

a failure is an express violation of the Code of Civil Procedure which says:

"... when a complete determination of the controversy can not be had without the presence of other parties, the court *must* cause *them* to be joined as proper parties. . . ." [Acts 1881 (Spec. Sess.), ch. 38, §24, p. 240] (Burns' 1946 Replacement §2-222). (Our emphasis.)

It has been held by both this court and the Supreme Court of this state that when it has been brought to the attention of the court that there has been an omission of indispensable parties, it is not only "a must" but the court's imperative duty to order into court upon its own motion those parties involved. *Chumley* v. *Roland et al.* (1959), 129 Ind. App. 264, 156 N. E. 2d 106, 108; *State ex rel. Schumacher* v. *Adams Circuit Court, etc., et al.* (1947), 225 Ind. 200, 202, 73 N. E. 2d 689; *Jones* v. *Vantress* (1864), 23 Ind. 533.

It is argued by appellants that since appellees received the judgment below they should not be heard to complain now about lack of necessary parties thereto. We disagree. Though the judgment did not change the status of the variance, this does not release the court of its duty to refrain from proceeding without the proper parties. Had this and other matters been disposed of properly in the court below, this appeal might have been avoided.

Since the court below made judgment without indispensable parties, the judgment is void. However, this appeal will lie for the sole purpose of setting it aside. *Bryant et al.* v. *Owens* (1953), 232 Ind. 237, 111 N. E. 2d 804; see also Flanagan, Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, §2126, ch. 40, and cases cited therein.

This cause is now remanded to the trial court with instructions to set aside its previous order and judgment.

Cooper, J., and Myers, J., concur.

Ryan, J., not participating.

NOTE.—Reported in 172 N. E. 2d 580.