Mabio Pittoot, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Board of Zoning and Appeals of the Town of North Hempstead, hereinafter sometimes called the respondents, in which a variance was granted to Evelyn Kupferman to install a swimming pool. The respondents move to dismiss the petition for the failure to join as a respondent, Evelyn Kupferman — an allegedly indispensable party.
The relief sought by the petitioner was formerly obtainable in a certiorari proceeding (Civ. Prac. Act, § 1283). It is for the review of a quasi-judicial determination involving the exercise of judgment or discretion (Civ. Prac. Act, § 1284). The answer and return are made by the respondents which made the determination (Civ. Prac. Act, § 1291). However, persons who are specially and beneficially interested in upholding the determination may apply to the court for admission as a party to the proceeding; and the court, in its discretion, may admit those interested persons to intervene (Civ. Prac. Act, § 1298). But, except in a prohibition type of proceeding (§ 1290, last sentence; § 1291, last par.) where relief is sought to restrain a body or officer exercising judicial or quasi-judicial functions from proceeding without or in excess of jurisdiction — no section of article 78 requires the joinder of a person who did not participate in making the determination to be reviewed.
In spite of this clear language the respondents say that a failure to serve the owner of the affected property deprives this court of jurisdiction and that this proceeding must be dismissed. The respondents, however, cite no authority of any kind for this contention except the general constitutional prohibitions against deprivation of property without due process of law, and nothing more. Nevertheless, the court’s research has uncovered a 1961 decision (Noblitt v. Metropolitan Plan Comm., 172 N. E. 2d 580, 583 [Ind.]) which holds that a property owner, in a situation similar to the present one, is an indispensable party. But that court did not say that the failure to originally include the property owner caused the whole proceeding to be so fatally defective as to deprive the court of jurisdiction, and thus require dismissal. Indeed, the court said that ‘1 when it has been brought to the attention of the court that there has been an *415 omission of indispensable parties, it is not only 1 a must ’ but the court’s imperative duty to order into court upon its own motion those parties involved”. Thus, even on this late but out-of-State authority, the respondents’ contention lacks support.
Be that as it may, the prevailing authorities in this State are in disagreement with the Noblitt case. It has been said that “ Technically, the officer whose conduct is to be controlled is the only necessary party respondent” (22 Carmody-Wait, Cyclopedia of New York Practice, p. 416); and in Matter of Belmont (40 Misc. 133, affd. on opinion of court below 83 App. Div. 643) Mr. Justice Lbvejsttbitt wrote (p. 135): “ The Code requires that the writ must be directed to the body or officer whose determination is to be reviewed, and where it is brought to review * * * the determination of a board or body * * * it must be directed to the members thereof by their names * * *. This has been done. * * * The city, however, being specially and beneficially interested in upholding the application to be reviewed, may, in the discretion of the court, be admitted as a party defendant pursuant to the terms of section 2137 of the Code. But this permissive joinder after the allowance of the writ does not make it a necessary party.” The Belmont case interpreted the forerunner of our present certiorari statutes (Code Civ. Pro., §§ 2127, 2129, 2137); and the same situation exists here. The respondents who arc members of the board are indispensable parties to the proceeding and the benefited property owner, Evelyn Kupferman, may apply for permission to intervene (Civ. Prac. Act, § 1298). But the proceeding may continue in her absence.
An analogous situation was involved in Matter of Clementi v. Jackson (92 N. Y. 591, 596) where the court held that a purchaser at a tax sale was not a necessary party to a mandamus proceeding to direct the Registrar of Arrears to receive taxes due on the premises. Yet, the tax sale purchaser was financially and proprietarily interested in the outcome of the proceeding.
Many New York certiorari cases, too numerous to cite, have been heard and determined without the landowners having been originally joined as respondents. However, a few citations may be pertinent. In Sima v. Board of Stds. & Appeals (278 App. Div. 785 [2d Dept.]) the landowner was not joined at all; and in Perri v. Zoning Board of Appeals (283 App. Div. 818 [2d Dept.]); Matter of Douglaston Civic Assn. v. Board of Stds. & Appeals (278 App. Div. 659 [2d Dept], affd. 302 N. Y. 920) and Matter of Borea Contr. Co. v. Murdock (250 App. Div. 262 [1st Dept]) the landowners were not originally named, but later *416 intervened. It cannot be seriously contended that the courts had no jurisdiction to decide these cases and that these decisions were invalid from their very inception.
Other authorities outside New York support the position that the board’s determination is the only matter in issue and that only the board is an indispensable party. It has been stated that ‘ ‘ Strictly speaking, the only proper respondent or defendant on a petition for a writ of certiorari * * * is the tribunal whose action is to be examined ” (14 C. J. S., Certiorari, § 60, pp. 205, 206). It has also been said that “ No one other than those composing the tribunal whose action is to be examined can be joined as a respondent in a petition for a writ of certiorari ” (Farrell v. Mayor, 306 Mass. 221, 225). Others have clearly held that the only indispensable party defendant or respondent is the board or agency whose determination is to be reviewed (Second Ref. Church v. Board of Adjustment, 30 N. J. Super. 338; Tod v. Crisman, 123 Iowa 693). These cases agree that the court may permit a person interested in sustaining the determination to tie brought in as a party, but firmly hold that he is not an indispensable party.
The respondents also argue that since the landowner, Evelyn Kupferman, is a necessary party and since subdivision 7 of section 267 of the Town Law requires that any person aggrieved by “ any decision of the board of appeals ” must apply for relief pursuant to article 78 by instituting suit within 30 days after the filing of the decision in the office of the Town Clerk, and since that 30-day period has passed, the proceeding must be dismissed. But it has already been demonstrated that the landowner is not an indispensable party. Be that as it may, the petitioner did apply for relief against the board within 30 days; and the court will not permit the board to urge the Statute of Limitations pertaining to a proceeding against an unnamed party as a defense to the proceeding against the board. The court, in Second Ref. Church v. Board of Adjustment (supra, p. 340) gave a good answer to the respondents’ contention by saying: ‘1 This action was indeed brought against the board within that period, but the appellants (who intervened in the cause on their own application) were not made parties to the action until thereafter. The point made by the appellants is that since they are indispensable parties, their motion below to dismiss the action as out of time should have been granted. * * * The short answer to this is that they are not indispensable parties.”
After all this discussion we come back to the sections of the Civil Practice Act which pertain to a certiorari proceeding for the review of a quasi-judicial determination involving the exer *417 cise of judgment or discretion (Civ. Prac. Act, § 1284, snbd. 2 and other provisions of art. 78). No section requires the joinder of any person who did not participate in making the determination presented for review. In fact, the only determination which the court can make in this article 78 proceeding, if in favor of the petitioner, is to annul the determination of the board on the ground that it was arbitrary and unreasonable in issuing the permit; or, if against the petitioner, to dismiss on the merits for failure to show that the board was arbitrary and unreasonable (Civ. Prac. Act, § 1296, subd. 7; § 1300). That is the only issue: Was the board arbitrary and unreasonable in making its quasi-judicial determination?
Accordingly, the motion of the respondent board to dismiss is denied. Permission is afforded the respondent board to interpose an answer within 10 days after the service of the order to be entered herein, and the application may be renoticed for hearing, as provided in section 1293 of the Civil Practice Act.