STATE EX REL. HASHFIELD *v.* WARRICK CIRCUIT COURT,
KNOWLES, SPECIAL JUDGE.

[No. 30,115. Filed December 27, 1961.]

*Jack Broadfield* and *Ferdinand Samper,* both of Indianapolis, for relator.

*Fred L. Mock,* Prosecuting Attorney, Second Judicial Circuit, of Boonville, for respondents.

LANDIS, J.—Relator has brought original action in this Court asking that respondent court be mandated

to issue an order to two court appointed doctors to confer with relator's attorneys with reference to the sanity or insanity of relator at the time of the alleged murder with which he stands charged. Respondent has filed return opposing the issuance of the writ.

From the record before us the following facts appear: Relator was indicted in August 1960 for the first degree murder of one Avril Terry, an eleven year old girl; relator is awaiting trial for such alleged crime, and is a pauper and is represented by two pauper counsel.

On January 21, 1961, relator through his attorneys filed his written plea of not guilty by reason of insanity, and the court thereupon pursuant to the statute[1] appointed three competent disinterested doctors to examine relator and testify at the trial. Thereafter on March 6, 1961, relator filed petition for funds for the payment of expert medical witnesses and the court granted said petition and authorized relator through his attorneys to employ not more than three medical experts at the expense of the county.

Relator through his attorneys also filed petition for a court order to examine the records of the court-appointed physicians or in lieu thereof for an order permitting consultations between relator's attorneys and such expert medical witnesses. The court overruled the petition and relator thereupon filed motion for change of judge and after striking off names respondent judge was appointed and qualified.

Thereafter on April 15, relator through his attorneys filed a second petition for an order directing two of the court-appointed physicians to confer with

1. Burns' Indiana Statutes § 9-1702 (1956 Replacement), being Acts 1927, ch. 102, §1, p. 268.

relator's attorneys and also asked permission to examine the report filed by the third doctor with the court. The court on April 22, 1961, overruled the petition as to the order to confer with the two doctors but sustained the petition as to the request to examine the report filed by the third doctor with the court. On May 3, 1961, relator filed petition to reconsider which was overruled on May 5, 1961. Petition for writ of mandate was filed in this Court on July 13, 1961. Thereafter respondent filed return to the writ.

The law is well settled that this Court has limited original jurisdiction under Burns' §3-2201 (1961 Cum. Supp.)[2] to grant the extraordinary remedy of mandate where the lower court does not perform a duty enjoined on it by law, but, that the writs were never intended to be a substitute for the procedure of an appeal. *State ex rel. Rans* v. *Fulton Circuit Court* (1960), 240 Ind. 288, 164 N. E. 2d 111, 113; *State ex rel. Monchecourt* v. *Vigo Circuit Court* (1959), 240 Ind. 168, 162 N. E. 2d 614, 617; *State ex rel. Botkin* v. *Delaware Cir. Ct. etc.* (1960), 240 Ind. 261, 162 N. E. 2d 611, 613.

Relator has not demonstrated to this Court wherein a mandatory duty rested on respondent court to act in the manner he asks be compelled by this Court by writ of mandate. In fact in his brief relator states:

"This question is one of first impression in our State and diligent research does not show your writter [sic] the question having been presented in any other jurisdiction. . . ."

2. Acts 1881 (Spec. Sess.), ch. 38, §803, p. 240, 379; 1911, ch. 223, §1, p. 541; 1915, ch. 87, §1, p. 207; 1933, ch. 102, §1, p. 688; 1955, ch. 253, §1, p. 647.

We fail to see how it can seriously be contended that a case has been made out for the issuance of a writ of mandate in the case before us; nor, is there any showing of any question attempted to be raised by relator in respect to this matter before us which could not be presented to this Court by appeal after an adverse ruling by the trial court.

The fact that no immediate emergency exists for granting of the writ is further evident from the fact that the precise issue relator attempts to bring here, i.e., the propriety of the lower court's action in denying relator's petition to confer with the court's appointed medical witnesses, was previously presented to the trial court and previously denied. Relator some weeks later in a second petition asking substantially the same relief in the lower court as sought in the first petition on becoming dissatisfied with the outcome of the second petition, has sought to have the alleged error corrected by the emergency remedy of mandate. Previous decisions of this Court have indicated that actions equitable in nature such as original actions of mandate and prohibition[3] must be expeditiously filed. See: *State ex rel. City of Marion et al.* v. *Grant Cir. Ct.* (1959), 239 Ind. 315, 320, 157 N. E. 2d 188, 191; *State ex rel. American Fletcher etc.* v. *Lake S. Ct.* (1961), 242 Ind. 118, 175 N. E. 2d 3, 8. We believe the instant action in this Court is subject to the same infirmity.

The petition for writ of mandate is denied.

Achor, C. J., Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 734.

3. 55 C. J. S., "Mandamus," §2, note 41; 73 C. J. S., "Prohibition," §8.