STATE EX REL. KLEFFMAN *v.* BARTHOLOMEW CIRCUIT
COURT, ROGERS, SPECIAL JUDGE.

[No. 30,413. Filed September 3, 1964.]

Leon D. Cline and Dobbins, King & Cline, of Columbus, for relators.

Jack Rogers, pro se.

ARTERBURN, J.—This is an original action brought by the relators to compel the respondent court to reinstate relators' petition to intervene and hear the same and other related matters.

The facts presented to us show that a divorce decree was granted to Carl O. Hooker from his wife, Patricia, in June, 1955. At that time the wife was given the custody of one of their children, while the husband was given the custody of the other, Carmen Yvonne Hooker, the subject of this controversy.

The relators filed in the trial court a petition to modify the custody order as to Carmen, alleging that Carmen is now nine years of age and that her father has never had the custody of her; that he has never provided support for her or given her any attention as a parent; that she has been in the custody of the relators since the divorce. It is further alleged that the father has remarried and now wants the custody of Carmen and is threatening to seize the child unless restrained.

The trial court in which the divorce decree and custoday order was entered granted the petition to intervene therein and permitted the filing of the petition to

modify the custody order. It also upon petition, granted a restraining order against Carl O. Hooker. The record shows notice was given to both parties to the divorce judgment and both parents have entered appearances by attorneys.

Upon the appointment of a special judge, a motion to strike the petition to intervene was filed by the father. This was sustained and the restraining order dissolved. The relator now asks us to mandate the trial court to reinstate its previous orders and hear the matter on the merits. We granted a temporary writ.

The respondent court claims that the relators are strangers to the record in the divorce case and have no right to intervene to modify the judgment pertaining to the custody. This, as a general principle of law, is true. However, as to the custody order, different principles are applicable.

In the matter of the custody of children we have held many times that the court granting the divorce judgment and fixing the custody of the children has continuing jurisdiction thereafter, during their minority, over their care and custody. *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243; *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 179 N. E. 773; *Manners* v. *State* (1936), 210 Ind. 648, 5 N. E. 2d 300; *McDonald* v. *Short, Supt.* (1921), 190 Ind. 338, 130 N. E. 536.

The paramount concern of the court is the welfare of the children, and the court retains jurisdiction of such matters without any specific reservation in the decree. *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86.

We may ask what is the remedy of the relators in this case, if we assume they are correct in what they allege and the welfare of the child entitles them to her

custody? They cannot bring an action for a writ of habeas corpus since they have the physical custody of the child at this time. Must they permit the father to seize the child and subject it to such harassment and excitement in order to bring such an action?

The facts alleged, if proved, in our opinion are sufficient to show a substantial interest in the welfare of the child, held by the relators. The petition in substance alleges an abandonment of the child by the father and at least a consent to or acquiescence in the custody by the relators. They and the child whose physical custody they hold are real parties in interest and are entitled to be heard in the determination of the merits of the issue as to whether or not any modification of the original custody order is to be made.

Controversies of this kind should be settled in courts of law as the relators seek to do, rather than left to physical combat and abduction. It is alleged that an attempted abduction has occurred, to the detriment of the child's emotional condition. If the father refuses to bring an action in a court of law to determine the issues peaceably, then the relators are entitled to a forum and a hearing for that purpose. The respondent court is the forum for that determination.

The temporary writ heretofore issued is made permanent.

Achor, C. J., concurs with opinion. Myers, J., concurs. Landis, J., concurs in result. Jackson, J., dissents with opinion.

## CONCURRING OPINION.

ACHOR, C. J.—A question is presented as to whether appeal rather than the proceedings in mandate is re-

lators' proper remedy. This issue is not discussed in the majority opinion.

The jurisdiction of this court to issue writs of mandate is governed by statute. Burns' Ind. Stat. Anno. §3-2201 (1964 Cum. Supp.). It is an extraordinary remedy not to be used as a substitute for an appeal but only to be applied where the lower court fails to perform a duty enjoined on it by law. *State ex rel. Hashfield* v. *Warrick Cir. Ct.* (1961), 242 Ind. 318, 178 N. E. 2d 734; *State ex rel. Rans* v. *Fulton Cir. Ct.* (1960), 240 Ind. 288, 164 N. E. 2d 111; *State ex rel. Botkin* v. *Delaware Cir. Ct.* (1960), 240 Ind. 261, 162 N. E. 2d 611. It will not lie to control the exercise of discretion by the trial court. *State ex rel. Beatty* v. *Nichols* (1954), 233 Ind. 432, 120 N. E. 2d 407; *State ex rel. Steers* v. *Hancock Cir. Ct.* (1953), 232 Ind. 384, 112 N. E. 2d 855.

On the other hand, mandate will issue to compel a court to act where there is a clear legal duty to act. Burns' Ind. Stat. Anno. §3-2201, *supra*; see also: *State ex rel. Steers* v. *Hancock Circuit Ct., supra.*

In this case the relators are currently exercising the custodial care of the child whose custody was placed in issue. They had exercised that custodial care over several years with the consent or acquiescence of the divorced parents of the child. There was an open controversy as to the continued custody of the child which threatened its welfare. Any order with regard to the custody of the child while it was in the custodial care of the relators could not be conclusive as to relators' rights unless relators were made a party to the proceedings. *Henderson* v. *Kleinman* (1953), 231 Ind. 657, 109 N. E. 2d 905; *Bryan* v. *Lyon* (1885), 104 Ind. 227, 3 N. E. 880. Therefore, in the present case, relators were necessary parties in any proceedings to modify the

original order of custody and as necessary parties their right to intervene was absolute. See: *Noblitt* v. *Metropolitan Plan Commission* (1961), 131 Ind. App. 497, 172 N. E. 2d 580.

The statute provides: "When a complete determination of the controversy cannot be had without the presence of other parties, the court *must* cause them to be joined as proper parties." Burns' Ind. Stat. Anno. §2-222 (1946 Replacement) (Emphasis added).

Since, under the facts presented the relators are necessary parties, the court had no discretion in allowing them to intervene; rather their right to do so was absolute.

Furthermore, because of the long delay with normally occurs in the appellate process, an appeal on the issue presented would not have constituted an adequate remedy at law. The mental health of the child involved could only suffer as a result of such protracted litigation.

For the above reasons it is my opinion that the writ of mandate was a proper remedy.

### DISSENTING OPINION.

JACKSON, J.—I am unable to agree with the conclusions reached in the majority opinion and dissent thereto.

The matters in issue in this action are succinctly set forth in the relators' petition in paragraphs No. 1 through 12 inclusive, which in the interest of presenting a clear factual situation in the instant case, are set forth as follows:

"1. That the respondent, Jack Rogers, is the duly elected, qualified and acting Judge of the Johnson Superior Court, and on the 7th day of

March 1963 he appeared and qualified to serve as Special Judge in a certain suit in the Bartholomew Circuit Court and assumed jurisdiction therein as such Special Judge.

"2. The suit in question involved a petition to modify a previous order of the Bartholomew Circuit Court concerning the possession and custody of a minor child, Carmen Yvonne Hooker. Said custody order previously made by the Bartholomew Circuit Court grew out of a divorce action between the respondents, Carl O. Hooker and Patricia Anne Hooker (Meek), which resulted in a decree of divorce being entered therein on the 6th day of June, 1955.

"3. Said petition for modification was filed by these relators on the 11th day of October, 1962, after they had been permitted and authorized by William M. Lienberger, Judge of the Bartholomew Circuit Court, to intervene in said cause.

"4. After these relators had been allowed to intervene and had filed their petition for modification relating to the custody of the child, said Judge of the Bartholomew Circuit Court issued a temporary restraining order against the said Carl O. Hooker restraining him from abducting or taking physical possession of said minor child. The said petition for modification and temporary restraining order were both set down for hearing on the 6th day of December, 1962.

"5. The Court ordered notice to be given to the said Carl O. Hooker and Patricia Ann Hooker (Meek) and said notice was given by personal service on each of said parties with additional service on the said Patricia Anne Hooker (Meek) by newspaper publication.

"6. The said Carl O. Hooker thereafter appeared by his counsel and filed a motion to strike said relators' petition to intervene, and the said Patricia Anne Hooker (Meek) likewise appeared by her own counsel and filed a plea in abatement addressed to relators' said petition to intervene.

"7. Thereafter, the said Carl O. Hooker filed his application for change of venue from Judge Lienberger, and the respondent herein, Jack

Rogers, was selected, appointed and qualified as Special Judge in said cause.

"8. After the respondent, Jack Rogers, had assumed jurisdiction in this matter, the relators filed their demurrer to the plea in abatement filed on behalf of the said Patricia Anne Hooker (Meek), and relators further filed their brief in opposition to the motion to strike of Carl O. Hooker.

"9. On the 18th day of April, 1963 the respondent, Jack Rogers, without any previous hearing, struck relators' said petition to intervene from the records of this cause, and in addition thereto struck out relators' said petition for modification and he further dissolved the temporary restraining order previously issued against the said Carl O. Hooker.

"10. That the respondent, Jack Rogers, refuses to assume jurisdiction of this cause and to reinstate relators' petition to intervene, petition for modification and said temporary restraining order.

"11. That it is the duty of the respondent Jack Rogers, to consider the matters asserted in relators' petition upon their merits.

"12. That a certified copy of all pleadings, orders and entries pertaining to this cause are set out and attached hereto and marked Exhibits numbered 1 through 17, inclusive."

Thereafter, this court issued a temporary writ reading in pertinent part as follows:

"Now therefore you, as Special Judge of the Bartholomew Circuit Court, are commanded to assume jurisdiction of said above entitled cause pending in the Bartholomew Circuit Court, as Special Judge therein; to reinstate relators' Petition to Intervene, Petition for Modification and the temporary Restraining Order issued therein, and to hear the merits of relators' said Petition for Modification.

"It is further ordered that you, as said Special Judge in said cause on or before the 13th day of

May, 1963, to show cause, if any you have, why this temporary writ of mandate should not be made permanent, and have you then and there this writ."

Thereafter, on May 13, 1963, respondents made return to the temporary writ so issued, reading in pertinent part as follows:

"1. The original action, a complaint for divorce between Carl O. Hooker vs. Patricia Anne Hooker, had gone to final judgment on June 6, 1955 wherein the issues between the original parties had been determined and a final decree had been entered. A copy of this decree is a part of the transcript filed in these proceedings by the Relator, and is incorporated herein by reference, and is made a part hereof as Exhibit I. The custody of the children of Carl O. Hooker and Patricia Anne Hooker was determined in that final decree of divorce (Exhibit I hereto).

"2. Relators have not moved to set aside the final decree of judgment so that they might intervene.

"3. By his Petition to Intervene and Petition to Modify, the Relator admits that there is no controversy between the original Plaintiff and Defendant. The Petition to Intervene and the Petition to Modify are already a part of the transcript filed in these proceedings by the Relator and are incorporated herein by reference and are made a part hereof as Exhibit 2 and Exhibit 3, respectively. The Relator's sole purpose in intervening is to settle a dispute as to whether the Plaintiff in the original action shall have the continued care and custody of the Plaintiff's minor child as provided for in the decree of divorce (Exhibit I hereto).

"4. Carl O. Hooker, Plaintiff in the original action, filed a timely objection to the improper intervention in the form of a Motion to Strike. The Motion to Strike Relator's Petition to Intervene, already a part of the transcript filed in these proceedings, by the Relator, is incorporated by reference and is made a part hereof as Exhibit 4. After oral arguments on the motion, the Court

was sufficiently advised and deemed the intervention improper. The Court then sustained the said motion to strike.

"5. The trial court's ultimate refusal to permit the Relator to intervene, as indicated by the sustaining of the Petition to Strike (Exhibit 4 hereto), is a final judgment from which an appeal will lie. The Relator's remedy in this cause is not in the area of extraordinary writs, but in appeal.

"WHEREFORE, the Respondents pray the Supreme Court of Indiana that it reconsider its action in issuing a Temporary Writ of Mandate; that it find and hold that trial court's action in sustaining the Motion to Strike was proper; that it find and hold that the Relator's remedy in this cause is appeal; that it find and hold that no Permanent Writ of Mandate should issue; that it dismiss and deny the Petition for Writ of Mandate; that it assess costs herein against the Petitioners and Relator, and for all other relief proper in the premises."

It appears that the proper questions relative to the issues to be resolved in the case at bar would be determined by:

1. The time for intervention: Whether a proper but not a necessary party is allowed to intervene is within the discretion of the court; but, such an intervention must be before final judgment and the expiration of the term. Once the judgment has been entered, a new trial must be granted before additional parties may be added by petition to intervene. Flanagan Ind. Plead. & Prac., ch. 14, §50, Comment 2.

As the transcript filed in these proceedings by the relators indicates, the original cause has gone to judgment, the term has expired and no new trial has been granted. The relators' Petition to Intervene was not timely.

2. The remedy for striking Petition to Intervene:

". . . A refusal to permit a person to intervene, or the striking of an intervening petition, is a final judgment from which an appeal will lie . . ." Flanagan Ind. Plead. & Prac., ch. 14, §50, Comment 3 (c) and cases cited therein.

The relators' remedy, if the trial court is in error, is appeal and not an extraordinary writ.

I point out that in the cases cited and relied upon in the majority opinion, parties to the original action either filed a petition to modify the decree by reason of a change of circumstances or perfected an appeal from the decision of the court. Strangers to the original proceedings did not in effect collaterally attack the judgment by an action to intervene some seven years after the rendition of the original decree of divorce, which had never been appealed from or modified, and which judgment granted custody of the child to the father. The case of *Manners* v. *State* (1937), 210 Ind. 648, 5 N. E. 2d 300, lends no authority to the majority opinion.

It appears that the temporary writ was issued improvidently and the same should be dissolved and the permanent writ denied.

NOTE.—Reported in 200 N. E. 2d 878.