STATE OF INDIANA EX REL. CITY OF INDIANAPOLIS, ETC. *v.* DOWLING, JUDGE OF SUP. CT. OF MARION CO., IND., RM. 5.

[No. 30,921. Filed May 11, 1966.]

Michael B. Reddington, of Indianapolis, for relator.

William A. Waddick, of Kunz & Kunz, Scott Ging, of Fauvre, Dongus, Ging & Cregor, and James F. Hillis, of Barnes, Hickam, Pantzer & Boyd, and Robert Walsman, all of Indianapolis, and John J. Dillon, Attorney General, for respondent.

RAKESTRAW, J.—This action arises out of one of several cases filed in the respondent court to appeal from rulings of the Board of Flood Control Commissioners of the City of Indianapolis assessing damages for real estate taken for the construction of Eagle Creek flood control

project. It is agreed by all parties that the appeals were brought pursuant to Burns' Ind. Stat. Anno. §§ 48-4501 to 48-4509 (1963 Repl.). Section 48-4504 reads in part as follows: ". . . All such appeals shall be tried by the Court without the intervention of a Jury . . ."

Relator requested trial by jury in each of eight similar cases pending in respondent court. Such request for trial by jury was denied after oral argument on January 20, 1966. On January 26, 1966, relator filed a motion to reconsider the ruling denying a jury trial. As of the date this action was filed, there was no ruling on the motion to reconsider.

The relator urges that under Art. 1, § 20 of the Indiana Constitution, it is entitled to a jury trial since this is in essence an eminent domain action where the taking of the property has been accomplished and the remaining issue is the determination of value. The relator urges that this is a "self-executing" right and that therefore the trial court does not have jurisdiction to proceed without granting a trial by jury. The relator admits that the court has jurisdiction of the subject matter and the parties. The relator claims that it is not concerned with the constitutionality of the statute, and attempts to distinguish this case from those cases holding that the constitutionality of a statute may not be determined in a mandate or prohibition action. No authorities are cited as to relator's contention that there is a "self-executing" right which somehow makes it unnecessary to determine the constitutionality of a statute when the action sought directly contravenes the express provisions of the statute.

It is well settled that an action for prohibition goes only to the jurisdiction of a trial court. Burns' Ind. Stat. Anno. § 3-2201 (1965 Supp.). *State* v. *Delaware Circuit Court* (1964), 245 Ind. 154, 196 N. E. 2d 752; *State ex rel. Wilson, etc.* v. *Howard Cir. Ct., etc.* (1957), 237 Ind. 263, 145 N. E. 2d 4.

It is also well settled that where a court has general authority over the class of cases or subject matter, the fact

that a trial court may decide an issue erroneously does not deprive it of jurisdiction. *State ex rel. Lacy* v. *Probate Ct., Marion Co.* (1962), 243 Ind. 30, 182 N. E. 2d 416; *State ex rel. Wilson, etc.* v. *Howard Cir. Ct., etc., supra; State ex rel. City of Indpls.* v. *Brennan, Judge* (1952), 231 Ind. 492, 109 N. E. 2d 409.

In order to support an action for mandate of a lower court, there must be in existence a clear legal duty. We have frequently held that mandate or prohibition are not substitutes for appeal. Unless the duty is clear and unquestioned, actions for mandate and prohibition will not be entertained in this court. *State ex rel. Reiman* v. *Kimmel* (1937), 212 Ind. 639, 10 N. E. 2d 911; *State* v. *Delaware Circuit Court, supra.*

It has been held several times that mandamus will not lie to compel a lower court to rule contrary to specific statutory authority. *State ex rel. Thompson* v. *Wheaton* (1923), 193 Ind. 30, 138 N. E. 820; *State ex rel. Hunter* v. *Winterrowd* (1910), 174 Ind. 592, 91 N. E. 956. If there is a question of the validity or constitutionality of any provision of any statute, the issue should be litigated in an appropriate action between adversary parties. *State, ex rel. Rabb* v. *Holmes* (1925), 196 Ind. 157, 147 N. E. 622; *State, ex rel. Hunter* v. *Winterrowd, supra.*

The relator has not shown that appeal would not be a sufficient remedy, without resorting to the extraordinary remedy of mandate or prohibition as sought in this case.

It is therefore ordered that the writ sought in this action be denied.

Myers, C. J., Arterburn & Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 216 N. E. 2d 351.