STATE EX REL. MATO BICANIC *v.* LAKE CIRCUIT COURT, FELIX A. KAUL, JUDGE, AND RAYMOND W. PARROTT.

[No. 472S44. Filed February 16, 1973.]

*Saul I. Ruman,* of Hammond, for petitioner.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for respondents.

HUNTER, J.—This is an original action for a writ of mandate against the Lake Circuit Court, its Judge, and the defendant party in the court below.

The relator (plaintiff below) brought suit against the respondent (defendant below) in Lake Circuit Court for personal injuries. After plaintiff-relator filed his complaint, the defendant-respondent moved for an automatic change of venue from Lake County pursuant to TR. 76  The rule provides as follows:

"(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion *without specifically stating the ground therefor by a party or his attorney.* Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge." (our emphasis)

The circuit court granted the change of venue. The plaintiff-relator then moved to strike the defendant-respondent's motion, which the court subsequently overruled.

Relator has requested this Court to review the constitutionality and fairness of the automatic change of venue provision in TR. 76. Relator contends that the granting of a change of venue without requiring a showing of good cause denies a plaintiff his constitutional right to a trial by jury of his peers and also denies a plaintiff free access to the courts by adding unjustified financial burdens.

Whether a writ of mandate or prohibition should be issued rests largely in the discretion of this Court. *State ex rel. Nineteenth Hole, Inc.* v. *Marion Superior Court* (1963), 243 Ind. 604, 189 N. E. 2d 421; *State ex rel. Sluss* v. *Appellate Court of Indiana* (1938), 214 Ind. 686, 17 N. E. 2d 824. However, we do not operate in a vacuum; the extent of our discretion is limited by previous judicial interpretations and by statutory law.

The legislature has prescribed the following guidelines respecting the issuance of extraordinary writs:

"—Writs of mandate in the circuit and superior courts of this state are hereby abolished, and the causes of action heretofore remedied by means of such writs shall hereafter exist and be remedied by means of complaint and summons in the name of the state on relation of the party in interest, in the circuit, superior and probate courts of this state, as other civil actions, and shall be known as actions for mandate. Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court of Indiana to any and all inferior courts

compelling *the performance of any duty enjoined by law upon such inferior courts* including the granting of changes of venue from the county in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit has been filed therefor, and such change of venue has been refused. Writs of prohibition may also issue out of the Supreme Court of Indiana to such inferior courts to restrain and confine such inferior courts to their respective lawful jurisdiction." IC 1971, 34-1-58-1 (Ind. Ann. Stat. § 3-2201 [1968 Repl.]) (our emphasis)

We have consistently held that a writ of mandate is an extraordinary remedy not to be employed in lieu of an appeal but rather should only be applied where there is "a clear legal duty to act" and where the lower court fails to perform such a duty. *State ex rel. Kleffman* v. *Bartholomew Circuit Court, Rogers, Special Judge* (1964), 245 Ind. 539, 200 N. E. 2d 878 (concurring opinion) ; *State ex rel. Hashfield* v. *Warrick Circuit Ct.* (1961), 242 Ind. 318, 178 N. E. 2d 734; *State ex rel. Rans* v. *Fulton Circuit Ct.* (1960), 240 Ind. 288, 164 N. E. 2d 111; *State ex rel. Botkin* v. *Delaware Circuit Ct.* (1960), 240 Ind. 261, 162 N. E. 2d 611. In the case at bar the trial court was under a duty to act, i.e., to grant a change of venue without any showing of cause, and it so acted. A relator will not be able to avail himself of mandamus in order to compel a lower court to rule *contrary* to "specific statutory authority." *State ex rel. City of Indianapolis, etc.* v. *Dowling, Judge etc.* (1965), 247 Ind. 390, 216 N. E. 2d 351; *State ex rel. Thompson* v. *Wheaton* (1923), 193 Ind. 30, 138 N. E. 820. The trial court in the instant case, acted in strict accordance with TR. 76. Although a Supreme Court adopted trial rule is not a statute, it has the same binding force as any formally promulgated statute. The Supreme Court has the inherent power to create rules of procedure and that right has been recognized by the Indiana General Assembly. (Acts of 1937, ch. 91, § 1, p. 459). Therefore, to issue a writ of mandate in the case at bar would, in effect, be compelling the trial judge to contravene "specific statutory

authority." This Court refuses to be a party to any such judicial fiat.

Our *Rules of Procedure for Original Actions—Including Writs of Mandate and Prohibition,* enunciate the policy respecting original actions:

"Original actions for writs are viewed with *disfavor.* Counsel will not be allowed to use such writs *as a vehicle for circumventing the normal appellate process.*" (our emphasis)

In the instant case, a writ of mandate is clearly an improper remedy. Relator seeks to compel the trial court to disregard a properly promulgated and duly adopted trial rule because it allegedly overreaches the boundaries of constitutionality. Such questions must be resolved through the appellate process and not by mandate of this Court.

"If there is a question of the validity or constitutionality of any provision of any statute, the issue should be litigated in an appropriate action between adversary parties." *State ex rel. Indianapolis, etc.* v. *Dowling, Judge, etc., supra,* at 393, 351.

"The duty to do an act must be absolute and imperative and not dependent upon the exercise of discretion or *judicial determination.*" (our emphasis) *State ex rel. Cassel* v. *Johnston* (1932), 204 Ind. 563, 570, 185 N. E. 278, 281, quoting *State ex rel. Wrigley, Judge* (1918), 187 Ind. 78, 118 N. E. 353 and *State ex rel. Wheeler* v. *Leathers* (1925), 197 Ind. 97, 149 N. E. 900.

See also 55 C.J.S. § 64 at 105-07.

For all the foregoing reasons it is ordered that the writ sought in this action be denied.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 292 N. E. 2d 596.