NOTE.—Reported in 200 N. E. 2d 638.

STATE EX REL. CITY OF FORT WAYNE *v.* ALLEN
CIRCUIT COURT, ETC.

[No. 30,499. Filed October 15, 1964. Rehearing denied,
December 3, 1964.]

*J. Robert Arnold, Clarence R. McNabb, Jerome J. O'Dowd,* and *Giles J. Pierre,* all of Fort Wayne, for relator.

*W. O. Hughes* of Fort Wayne, *pro se.*

*Arthur H. Fruechtenicht* and *Leigh L. Hunt,* both of Fort Wayne, Amicus Curiae.

LANDIS, J.—Relator has brought original action in this Court attempting to have respondent court ordered to grant a change of judge in an annexation proceeding which had been taken on appeal to respondent court from the board of commissioners of Allen County, Indiana, where the proceeding had been filed. We issued the alternative writ.

Respondent court has filed return to the writ contending the writ should be denied for the reason that relator's motion for change of judge was not timely filed in accordance with Rule 1-12B of this Court.

From the record before us it appears that on January 5, 1951, the board of trustees of the town of New Haven, Allen County, Indiana, filed its petition before the board of county commissioners of said county for the annexation of territory, to which relator and others filed objections and remonstrances. After a hearing the board of commissioners entered its judgment annexing the territory therein described to the town of New Haven, and relator and other remonstrators on June 25, 1951, appealed the cause to respondent court by filing

transcript as provided by law. Said appeal is still before respondent court before whom relator on November 6, 1963, filed an application for change of venue from the judge alleging the bias and prejudice of said judge. Hearing was had on the motion on November 7, 1963, and the court took said matter under advisement but had failed to rule thereon by November 18, 1963, the date relator filed petition for writ of mandate in this Court. Subsequent to the issuance of the alternative writ by this Court on November 18, 1963, the respondent court on February 24, 1964, denied the motion for change of judge.

Rule 1-12B of this Court, in the form in which it was in force, at the time relator asked for the change of judge in the lower court and filed the petition for writ of mandate in this Court was as follows:

> "In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. . . . "

We believe the cases of *State ex rel. Botkin* v. *Delaware Circuit Court* (1960), 240 Ind. 261, 162 N. E. 2d 611, and *In Re Annexation of Certain Territory, etc.* v. *City of Anderson* (1963), 135 Ind. App. 92, 190 N. E. 2d 428, are decisive of the issue as to the timeliness of the application for change of judge in the case before us.

In *Botkin, supra,* which was a statutory proceeding for the relocation of a county road brought before the

county commissioners and appealed to the circuit court of the county, we held the filing of the transcript of the board's proceedings in the circuit court constituted the closing of the issues, and that an application for change of venue filed 43 days thereafter was too late under Rule 1-12B.

*In Re Annexation of Certain Territory, etc.* v. *City of Anderson, supra,* was an annexation proceeding wherein the city of Anderson passed an annexation ordinance and within the alloted 30 days, to-wit on July 25, 1957, appellants filed their remonstrance in the Superior Court of Madison County. On March 15, 1961, appellants filed motion for change of venue which was overruled by the court and on appeal to the Appellate Court the ruling was affirmed on the ground the motion violated the 10 day rule of Rule 1-12B requiring motions for change of venue to be filed not later than 10 days after closing of the issues on the merits. The filing of remonstrance in the circuit or superior court in such case was held to constitute a closing of the issues.

Here the issues were formed upon the original application for annexation and the remonstrance filed before the board of commissioners. Upon the filing of the transcript on appeal to respondent court the cause is tried on the issues made before the board of commissioners. Rule 1-12B of this Court became effective on September 1, 1958, and this cause having previously been put at issue by the filing of the transcript on June 25, 1951, the remonstrators were required to file their motion for change of judge not later than 10 days from September 1, 1958. See: *State ex rel. Blood et al* v. *Gibson Circuit Ct.* (1959), 239 Ind. 394, 157 N. E. 2d 475. Relator not having filed motion for change of venue within said time and there being no question here before us as to relator showing

cause for the change by affidavit after the running of the regular 10 day period, it appears the writ must be denied.

The case of *State ex rel. Klutey* v. *Daviess Cir. Ct.* (1964), 245 Ind. 400, 199 N. E. 2d 335, relied on by relator is not applicable to the instant case as there relator had previously only appeared specially, attacking the service of process, and it further appears motion for change of venue was filed the same day the motion to quash the summons was overruled and a general appearance entered. In such case the issues clearly could not have been closed by operation of law prior to filing motion for the change. The instant case before us is therefore entirely distinguishable.

The alternative writ heretofore issued is dissolved and the permanent writ denied.

Achor, C. J., and Arterburn and Myers, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 201 N. E. 2d 562.