STATE EX REL. BD. OF TAX COM'NRS. *v.*
MARION SUPERIOR CT. RM. 3, FUNK, J.

[No. 30,676. Filed January 29, 1965.]

*Edwin K. Steers,* Attorney General of Indiana, and *Lloyd C. Hutchinson* and *Charles W. Rau,* Deputies Attorney General of Indiana, attorneys for relator.

*Klineman & Rose* and *Glenn. W. Funk, pro se,* of Indianapolis, for respondents.

LANDIS, J.—Relator has filed original action for writ of mandate in this Court asking that respondent court be compelled to grant a change of venue from the county in a certain cause entitled *Meridian & St. Clair Realty, Inc.* v. *State Board of Tax Commissioners, etc.* pending in respondent court. We issued the alternative writ.

From relator's petition it appears the cause pending in respondent court was a so-called appeal from a final determination of the State Board of Tax Commissioners regarding an assessment on the taxpayer's property pursuant to Burns' §64-1004 (1964 Supp.), providing in part as follows:

" . . . At any time within thirty [30] days after the board gives notice of its determination, an appeal may be taken by filing a written notice

with the board asking for such appeal and designating the court [circuit or superior court of the county] to which such appeal is being taken, together with the filing of a complaint in said court, a copy of which shall be served upon the attorney general as provided by the Acts of 1945, ch. 3, sec. 1 [§ 49-1937], as amended; no such appeal shall be deemed to have been commenced unless the service of such complaint upon the attorney general, as therein provided, is made within thirty [30] days after the board gives notice of its determination as provided herein. Upon such appeal being requested, the secretary of the board shall make out and certify to a complete transcript of the proceedings, not including the evidence, had with respect to the property of the person so appealing, and transmit the same to the clerk of the designated court. Such appeal shall be tried by the court without the intervention of a jury, and the trial shall be governed by the laws governing civil actions. All appeals under this section shall be advanced on the docket of the court and shall be entitled to precedence in the consideration of the court. . . . " Acts 1961, ch. 319, §1204, p. 893; 1963, ch. 231, § 1, p. 317.

Here it appears the appeal proceedings were instituted by the taxpayer filing on November 27, 1963 a complaint in respondent court against relator with notice returnable December 18, 1963 served upon relator and copy of the complaint served upon the attorney general. On December 18, 1963 relator entered general appearance in the cause, by counsel, and on said date the secretary of relator in accordance with Burns' §64-1004, *supra,* filed a transcript of the proceedings.

No further pleadings were filed in the cause until June 22, 1964, when relator filed motion for change of venue from the county which was denied by the judge of respondent court on June 29, 1964. Relator's motion to reconsider the ruling denying the change of venue was also denied by the court.

This case involved the application of Rule 1-12B of

this Court, effective September 1, 1958,[1] pertaining to the time within which a change of venue must be taken and which so far as applicable provides as follows:

" . . . Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. . . ."

In the return to the writ respondent court has contended that relator's motion for change of venue was not timely filed in accordance with the foregoing rule as it was filed more than ten (10) days after the closing of issues by the filing of the transcript, citing *State ex rel. City of Ft. Wayne* v. *Allen Circuit Court et al.* (1964), 246 Ind. 39, 42, 201 N. E. 2d 562, 563. In such case we recently held that in an appeal to the circuit court from the board of commissioners in an annexation proceeding, the proceedings in the circuit court were put at issue by the filing of the transcript and that a motion for change of venue filed more than ten (10) days thereafter was not timely filed. We therein cited *State ex rel. Botkin* v. *Delaware Circuit Court* (1960), 240 Ind. 261, 265, 162 N. E. 2d 611, 613, 93 A. L. R. 2d 797, 801, which had previously held a statutory proceeding for the relocation of a county road brought before the county commissioners and appealed to the circuit court of the county, was put at issue by the filing of the transcript of the board's proceedings in the circuit court, and that an application for change of venue filed 43 days thereafter was too late under Rule 1-12B.

1. Rule 1-12B has since been amended effective July 1, 1964, but these proceedings are governed by the prior form of the rule.

Relator has attempted to distinguish the above cited cases upon the basis that in such cases the transcript filed in circuit or superior court on appeal contained the evidence whereas the transcript under Burns' §64-1004, *supra,* in the case at bar does not contain the evidence. However, we are unable to see any merit in this argument as the issues are made up by the pleadings and not the evidence and therefore the putting of the cause at issue contemplated in Rule 1-12B could not be concerned with whether the evidence was required in the transcript filed.

We are also referred to the cases of *Shideler, Auditor* v. *Martin* (1922), 192 Ind. 574, 578, 137 N. E. 528, and *Johnston* v. *State* (1937), 212 Ind. 375, 8 N. E. 2d 590, 10 N. E. 2d 40, 41, which interpreted a similar statute providing for appeal from a county official's ruling placing omitted property on the tax duplicate to circuit court, to permit such court to hear and determine the matter after filing the transcript without further pleadings. The latter case cited refers to the summary nature of the proceedings and to the fact that in claims against estates the formality in making up issues by the pleadings is not required.

In the case at bar we believe it is apparent from the language of Burns' §64-1004, *supra,* which mentions only as pleadings the complaint and transcript, and from the sentence thereof providing: "All appeals under this section shall be advanced on the docket of the court and shall be entitled to precedence in the consideration of the court" that it was contemplated the proceedings could be heard and determined in circuit or superior court summarily upon the filing of the complaint and transcript without further pleadings. Although the filing of additional pleadings was not attempted in this case it will be noted that Rule 1-12B required the motion for change of venue to be

filed not later than ten (10) days after the issues were *first* closed on the merits, and therefore any attempt to file subsequent pleadings after the issues were closed by filing transcript, would not re-open the door to further changes of venue. As we have remarked in other opinions of this Court, the purpose of such rule was to reduce the unnecessary delays occasioned by the late filing of change of venue petitions which frequently had as their real object the postponement or avoidance of a trial on the merits. See: *State ex rel. Goins and Logston* v. *Sommer, Jr., etc.* (1959), 239 Ind. 296, 300, 156 N. E. 885, 887.

It is our conclusion that relator's motion for change of venue from the county was filed later than ten (10) days after the isues were first closed on the merits contrary to Rule 1-12B, and as no question is before us as to an abuse of discretion by the trial court with reference to a change of venue sought after the running of the ten (10) day period contemplated by the rule, the motion for change of venue was not timely filed.

The alternative writ of mandate heretofore issued is dissolved and the permanent writ denied.

Arterburn, C. J., and Myers and Achor, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENT

JACKSON, J.—In my opinion the issues were not closed, hence the application for change of venue was timely and should have been granted. The writ should be made permanent.

NOTE.—Reported in 203 N. E. 2d 908.